IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. _____ |
| | : | |
| GARY JAMES HARMON, | : | **FILED UNDER SEAL** |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION TO SEAL THE CRIMINAL INDICTMENT
AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING
OF THIS MOTION TO SEAL AND RELATED MATTERS**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Indictment, this Motion to Seal, any Order granting the motion to seal, as well as all other pleadings, proceedings, records and files in this case, and to delay entry on the public docket of the filing of the foregoing Indictment, Motion to Seal, Order of the Court, and related pleadings. In support thereof, the government states as follows:

1. On June 28, 2021, the Grand Jury returned an original Indictment charging the above-listed defendant with Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2); and Removal of Property To Prevent Seizure, in violation of 18 U.S.C. § 2232(a). An arrest warrant will be requested for the defendant as a result of the Indictment.

2. The Indictment references evidence gathered in the course of the investigation. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant, which

1

also may lead to the destruction of evidence in other locations.   Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

2. As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings.   But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'"  Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3. In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant.  A limited sealing order ensuring that filings related to the Indictment and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal.  Persons who know the criminal justice system also know that docketing a motion to seal an Indictment and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him.  Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Indictment and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Indictment, this Motion to Seal, any Order granting the motion to seal, as well as all

other pleadings, proceedings, records and files in this case, and to delay entry on the public docket of the filing of the foregoing Indictment, Motion to Seal, Order of the Court, and related pleadings.

                        Respectfully submitted,

                        CHANNING D. PHILLIPS
                        Acting United States Attorney
                        D.C. Bar No. 415793

By:    */s/ Christopher B. Brown*
        Christopher B. Brown
        Assistant United States Attorney
        D.C. Bar No. 1008763
        555 Fourth Street, N.W., Room 4241
        Washington, DC 20530
        Christopher.Brown6@usdoj.gov
        (202) 252-7153