# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 21-cr-433 (BAH) |
| v. : | |
| : | |
| GARY JAMES HARMON, : | |
| : | |
| Defendant. : | |

## MOTION FOR PROTECTIVE ORDER

The United States of America, by and through its attorney, the Acting United States Attorney for the District of Columbia, hereby respectfully moves the Court for the entry of a protective order governing the production of discovery by the parties in the above-captioned case. In support whereof, the government respectfully states as follows:

1. The government anticipates a significant volume of discovery in this case, including discovery pertaining to third parties and potential witnesses, as well as certain discovery previously produced in *United States v. Larry Dean Harmon*, No. 19-cr-395 (BAH).

2. The attached proposed Protective Order reflects a modified version of the standard protective order used across a variety of criminal cases prosecuted by the U.S. Attorney's Office.[1] Based on concerns raised by defense counsel, the proposed Protective Order includes provisions allowing defense counsel to share discovery materials, including materials marked as "sensitive," to third parties without prior notice to the government or to the Court, provided the third party signs and executes an acknowledgment form agreeing to abide by the terms of the Protective Order.

3. Notwithstanding these modifications, defense counsel does not consent to the proposed Protective Order.

---

[1] Cases arising from the events of January 6, 2021 are governed by a different, more extensive protective order.

4.      The government understands that the defense objects to the restriction on the defendant maintaining copies of "sensitive" discovery in his personal possession.  But the government has significant concerns about the defendant having unsupervised access to third-party personally identifiable information (PII) and other personal information about third parties and potential witnesses in this case—especially while the defendant is in pretrial detention at D.C. Jail.[2]  As a concession, the government has offered to provide redacted copies of any discovery for the defendant's use, upon request by the defense, to the extent practicable.  *See* Proposed Protective Order, ¶ 10.  The defense has not explained why the defendant cannot rely on redacted copies of discovery but must instead maintain unsupervised possession of sensitive personal information or non-public information about or relating to third parties and potential witnesses.

WHEREFORE, the government respectfully moves for entry of the attached proposed Protective Order.

---

[2] A detention hearing is currently scheduled for September 9, 2021.

                                        Respectfully submitted,

                                        CHANNING D. PHILLIPS
                                        ACTING UNITED STATES ATTORNEY
                                        D.C. Bar No. 415793

BY:     */s/ Christopher B. Brown*
             Christopher B. Brown, D.C. Bar No. 1008763
             Assistant United States Attorney
             U.S. Attorney's Office for the District of Columbia
             555 4th Street, N.W.
             Washington, D.C. 20530
             (202) 252-7153
             Christopher.Brown6@usdoj.gov

             */s/ C. Alden Pelker*
             C. Alden Pelker, Maryland Bar
             Trial Attorney, U.S. Department of Justice
             1301 New York Ave., N.W., Suite 600
             Washington, D.C. 20005
             (202) 616-5007
             Catherine.Pelker@usdoj.gov

Dated:   August 30, 2021