UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 21-cr-433 (BAH) |
| | : | |
| GARY JAMES HARMON, | : | |
| | : | |
| Defendant. | : | |

### JOINT MOTION TO CONTINUE HEARING ON PRETRIAL DETENTION

The United States, by and through its attorney, the Acting United States Attorney for the District of Columbia, and the Defendant, by and through his counsel, respectfully move this Court to continue the hearing on pretrial detention currently calendared for September 14, 2021. In support whereof, the parties respectfully state as follows:

1. The defendant, Gary Harmon, was indicted by a federal grand jury in the District of Columbia on June 28, 2021, and arrested by federal agents in Ohio on July 28, 2021. The defendant was transported to the District of Columbia. The government sought the defendant's pretrial detention, ECF 10, which the defendant opposed, ECF 14. At a detention hearing on September 10, 2021, the Court instructed the parties to confer regarding potential conditions of release related to the transfer of cryptocurrency assets. The detention hearing was continued to September 14, 2021.

2. The defendant, through his counsel, raised in a written briefing Mr. Harmon's Fifth Amendment concerns which the defendant argues are implicated by the condition proposed by the Court. The defendant argues that requiring Mr. Harmon to turn over seed recovery words and other information violates his Fifth Amendment rights under the United States Constitution.

3. Having reviewed the defendant's written submission, the government disagrees with the defense. The government views the production of cryptocurrency as non-testimonial, but is

nonetheless willing to extend limited act-of-production immunity to any transfer of cryptocurrency to address any defense concerns. The government seeks to confer with defense counsel regarding the specifics of any such possible immunity offer.

4. The parties request a brief continuance to work toward a mutually agreeable solution and an opportunity for defense counsel to speak with her incarcerated client.

5. The defendant is not admitting or conceding the underlying charged conduct or any of the allegations contained in the government's motion for detention.

6. The parties respectfully move this Court to continue the hearing on pretrial detention until the afternoon of September 17 or a time thereafter that is convenient to the court.

Respectfully submitted,
CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 415793

BY: */s/ Christopher B. Brown*
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

*/s/ C. Alden Pelker*
C. Alden Pelker, Maryland Bar
Trial Attorney, U.S. Department of Justice
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 616-5007
Catherine.Pelker@usdoj.gov