UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal No. 21-cr-433 (BAH) |
| | : | |
| **GARY JAMES HARMON,** | : | |
| | : | |
| **Defendant.** | : | |

### NOTICE REGARDING FAILURE TO REACH
### AGREEMENT ON PROPOSED CONDITIONS OF RELEASE

The United States, by and through its attorney, the Acting United States Attorney for the District of Columbia, respectfully submits the following Notice to the Court:

1. Pursuant to the Court's instruction at the detention hearing on September 10, 2021, the parties have conferred regarding potential conditions of release related to the transfer of cryptocurrency assets.

2. Following the detention hearing on September 10, 2021, the government contacted defense counsel via email to begin discussions about any transfer of cryptocurrency. In the final email of the exchange, defense counsel stated that the defense was not sending anything until the government sent proposed conditions of release.

3. On September 12, 2021, the defendant, through counsel, forwarded a draft brief to the government that raised Fifth Amendment concerns about any transfer of cryptocurrency by the defendant.

4. On September 13, 2021, after reviewing the defendant's draft brief, the government offered a set of proposed conditions of release to the defendant—triggered by and conditioned upon the defendant's mitigation of his flight risk through the full return of the cryptocurrency at issue. *See* Ex. A. Although the government did not (and does not) agree that the proposed transfer

of cryptocurrency raised Fifth Amendment issues, the government offered to extend limited act-of-production immunity to the defendant. The government is under no obligation to offer any such immunity at all. It offered to do so in this case as an accommodation to the defendant. The government specified that its proposal was for limited act-of-production immunity for the transfer itself, which would not restrict the government's ability to make derivative use of any evidence or information acquired as a result of any cryptocurrency transfer.

5. Further on September 13, 2021, the parties submitted a joint motion to continue the detention hearing, then scheduled to resume on September 14, 2021, in order "to work toward a mutually agreeable solution and an opportunity for defense counsel to speak with her incarcerated client." ECF No. 17. The Court granted the motion and continued the detention hearing until September 17, 2021.

6. On September 15, 2021, the defense informed the government that the defense did not agree to the government's proposed terms as to derivative use. The defense also declined to agree to a *Kastigar* waiver.

7. The government cannot agree to extend act-of-production immunity that would restrict the government's ability to make derivative use of evidence or information acquired as a result of any cryptocurrency transfer. Doing so would place artificial limits on the government's ability to use and develop evidence related to the missing cryptocurrency, and raise the prospect of burdensome *Kastigar* litigation. This would leave the government in a materially worse evidentiary position than before—that is, worse than if the government declined to reach any agreement at all. Were the defendant to return any cryptocurrency without an agreement, no such derivative use restrictions would otherwise apply to evidence created by defendant's voluntary actions.

8. Accordingly, the parties have been unable to reach agreement on proposed conditions of release.

9. The government reiterates its concerns regarding the missing cryptocurrency. As articulated in the Government's Memorandum in Support of Pretrial Detention, ECF No. 10, and in argument at the September 10, 2021 detention hearing, the defendant's ability to remotely access and spend cryptocurrency worth tens of millions dollars[1] raises substantial risk of flight and obstruction of justice concerns.

Respectfully submitted,
CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 415793

BY: */s/ Christopher B. Brown*
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

*/s/ C. Alden Pelker*
C. Alden Pelker, Maryland Bar
Trial Attorney, U.S. Department of Justice
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 616-5007
Catherine.Pelker@usdoj.gov

---

[1] As of the date of filing, 712.6 BTC was valued at approximately $34,065,059.10. *See* https://coinmarketcap.com (last accessed Sept. 16, 2021) (showing BTC at $47,803.90). Even adjusting for the defendant's millions of dollars in expenditures in recent months, tens of millions of dollars' worth of bitcoin remains outstanding. The 16,079,260.6675007 in Dogecoin purchased by the defendant on February 12, 2021, which is also unaccounted for, is currently valued at approximately $3,886,357.30. *See id.* (showing DOGE at $0.2417).