UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | 1:21-cr-00433-BAH |
| GARY JAMES HARMON | : | |
| | : | |

**DEFENDANT GARY HARMON'S SECOND MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

*Introduction & Procedural Background*

Charged in a four-count indictment, Gary Harmon moved for pre-trial release. The Court held oral argument on September 10, 2021. The Court stated it was inclined to grant bail but directed the parties to confer on one condition of release. Specifically, the Court directed the parties to *United States v. Larry Harmon*, 19 Cr. 395 (BAH), Docket Entry No. 26, and asked counsel for the Gary Harmon if he would agree to a similar condition. The relevant text of Docket Entry 26 ordered the defendant in that case to:

> provide directly to representatives of the United States access to any and all cryptocurrency within the defendant's possession, custody and control, including in disclosing seed recovery keys, access to hidden wallets, and other keys needed to transfer cryptocurrency.

Because the above condition arguably would compel testimony against himself, and because the Bail Reform Act requires the Court to set the least restrictive conditions, Mr. Harmon now moves the Court to set conditions as those initially set by the Court in the Larry Harmon case, *see* Docket Entry No. 20, and without the condition stated above.

*The Indictment & the Bail Reform Act*

There is a presumption of release in this case. Gary Harmon is not charged with crimes of violence. None of the charges against him carry a mandatory minimum term of incarceration,

1

and he has no criminal history.[1]

As with Larry Harmon, bail is proper here as the government cannot meet its heavy burden of proving that there is no condition or group of conditions, short of detention, that can reasonably ensure that Mr. Harmon will not pose a risk to the community or a serious risk of flight if released.

Mr. Gary Harmon is not a serious flight risk. As the government's reply motion for detention admits, Mr. Harmon expected to be accused as early as May/June 2020. Yet, despite expecting arrest by the federal government, he did not flee. Govt. Reply at 3. Instead, as his text notes, his intention was to get an "attorney" when the time came. Similarly, Mr. Harmon did not leave Ohio after his brother's arrest, or after being questioned by authorities in this case. Having not fled at any of these earlier points in time, he is not likely to flee now. Hence, the government's own evidence shows Mr. Harmon is not a serious flight risk.[2]

As to community danger, Mr. Harmon is charged with non-violent offenses. He has no criminal history. The only "community danger" the government identified is a supposed "danger of future obstruction," Govt. Mem. at 22. During the September 10, 2021 oral argument, the government contended Mr. Harmon was obstructing justice by failing to assist the government in recovering the missing 712 Bitcoin. In essence, the government proceeds by assuming Mr. Harmon has the seedwords/passwords and has access to wallets that contain the stolen Bitcoin. Convinced not only that he is guilty but apparently also convinced that the filing of an indictment is guilt, it

---

[1] Mr. Harmon is accused of eight counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); obstruction of an official proceeding, in violation of 18 U.S.C. ¶ 1512(c)(2); and removal of property to prevent seizure, in violation of 18 U.S.C. § 2232(a). An alleged physical altercation with his brother is not part of the federal indictment.

[2] Risk of flight is reasonably and readily prevented short of detention. Mr. Harmon's passport has been seized and imposing electronic monitoring, house arrest, and other restrictions would serve to reasonably assure that Mr. Harmon will return to Court.

then contends Gary Harmon is obstructing justice by not helping recover the Bitcoin the government alleges – but has not yet proven – he has stolen. Mr. Harmon is innocent until proven guilty and holding the government to its proof is not obstruction.[3]

The government also points to Mr. Harmon's alleged statement that he flushed a USB drive down the toilet in his gym. However, at oral argument, the government conceded it did not know if Mr. Harmon's statement about the flushed USB drive was or was not, believed by the government. If the government itself in not convinced it happened, then this allegation cannot possibly meet the government's heavy burden of proving community danger clearly and convincingly. The government proffered no other obstructive conduct by Mr. Harmon.

Mr. Harmon's has pled not guilty. Raw speculation that he might do something in the future is not clear and convincing evidence of community danger justifying detention. *United States v. Munchel*, 991 F.3d 1273, 1279 (D.C. Cir. 2021); *United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999) ("Detention until trial is relatively difficult to impose.").

### *The Condition at Issue*

Ordering Gary Harmon to disclose to the government, seed recovery keys, access to hidden wallets, and other keys needed to transfer cryptocurrency compels him to give testimonial evidence – a right he may not be required to relinquish to get bail. This is especially the case when the condition is not a condition required by the Bail Reform Act, and because other conditions will reasonably assure that no "future" obstruction takes place without the necessity of this condition.

18 U.S.C. section 3142 (c) enumerates release conditions (A), (B)(i) –(xiv) that the Court

---

[3] In its reply papers the government calls out Mr. Harmon for not disavowing the government's allegations in its moving papers. Gary Harmon has entered a plea of not guilty. He has no obligation, in a bail application, to utter the phrase "not guilty" to each factual conclusion the government utters in its application for detention.

may set when releasing an individual. Of course, the Court has discretion to impose other conditions to reasonably assure the safety of the community. That said, the Court may not impose a condition that arguably compels a defendant to provide testimony against himself and relinquish his constitutional right to remain silent. The condition here does precisely that, and that is how the government construes the provision. In an email dated September 10, 2021 the government informed:

> We were encouraged to hear today that Mr. Harmon may be willing to turn over the cryptocurrency. If that's something that he is indeed amenable to, we can set up a conversation with the agents to facilitate the transfer of the cryptocurrency into government custody. Or, if you'd prefer, you can simply relay the relevant access information directly to me and Chris by e-mail and we'll pass it along to the agents. It would be helpful if we can receive the information by Monday so that we're able to effectuate the transfer and confirm that the funds are secured prior to the hearing on Tuesday. Let us know if you'd like to have a call to discuss further.

Plainly, the government construes the condition proposed by the Court to be one that requires Gary Harmon to not just implicate himself, but effectively to plead guilty before he is released on bail. Accordingly, such a provision violates Gary Harmon's rights under the Fifth Amendment of the United States Constitution and should not be part of any condition of his release on bond. See, *In Re: Grand Jury Subpoena Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1337 (11th Cir. 2012)(the act of decryption and production is not a physical but a testimonial act and the explicit and implicit factual communications associated with decryption and production are not foregone conclusions, thereby implicating the defendant's fifth amendment rights). And, a condition such as the one being proposed is simply not a factor contemplated by the Bail Reform Act, and is not rationally related to danger to the community.[4]

This is especially the case when there are other reasonable conditions that would address

---

[4] To be clear – the government's argument here is that without a disclosure from Mr. Harmon, the Department of Justice will be without the property that it has rightfully seized (not yet forfeited) from Larry Harmon.

and resolve the government professed concern of future obstruction – the only "community danger" concern identified by the government. For example, the Court can (i) expressly ban Mr. Harmon from accessing the Internet; (ii) order him to home detention with no access to a computer or smart phone or other means of accessing the Internet; (iii) ban him from accessing or making any cryptocurrency transactions; and/or (iv) block Mr. Harmon from contacting his brother, Larry Harmon, and any witnesses in this case, in any way. In this regard, Mr. Harmon has a place to live in Cleveland, Ohio, and a reputable and responsible third-party custodian, Mr. Harmon's girlfriend, has already assured the Court that she will ensure his compliance with his release conditions while he contests the charges against him.

In *United States v. Larry Harmon*, 1:19-CR-395- BAH, the government opposed revocation of an order of detention lodged against Mr. Harmon's brother, Larry Dean Harmon, for many of the same reasons the government invokes here – (i) being a criminal defendant in a case with substantial monetary and incarceratory penalties; (ii) purportedly having electronic access to hidden funds; and (iii) being internet-savvy with access to dark web connections that would allow him to obtain false papers and flee to Belize or anywhere else in the world. This very Court, however, rejected the government's arguments. The Court revoked the order of detention and granted Larry Harmon his release, conditioned on, *inter alia*, home detention in Ohio, location monitoring, travel restrictions, computer restrictions, internet restrictions, and prohibitions on opening new financial accounts or making cryptocurrency transactions. *Id.* at ECF Docket Nos. 20 and 21. The same conditions of release should be set here.

The presumption of innocence afforded to every defendant, and the Bail Reform Act of 1984 provides that a defendant should be released pending trial on personal recognizance or "subject to the least restrictive further conditions, or combination of conditions that . . . will

reasonably assure [1] the appearance of the person as required and [2] the safety of any other person and the community." 18 U.S.C. § 3142(b) and (c)(1)(B).  Here, if released, Mr. Harmon will be subject to home confinement, 24/7 GPS monitoring, monitoring by a third-party custodian, weekly in-person contact by Pretrial Services, weekly updates to the Court, and many other restrictions that will reasonably prevent any purported future obstruction.

That the federal government believes that Gary Harmon is the one who stole the 712 bitcoins the federal government is finding it difficult to recover does not make Gary Harmon a danger to the community.[5]  It only goes to show that the government's "case against the defendant [Mr. Harmon] is circumstantial." Govt. Mem. at 19. Nor can the government prove in any meaningful way that Gary Harmon joined in his brother's activities or participated in his brother's scheme on Helix – which even the government has conceded is a novel theory of prosecution and which remains untested as Larry Harmon has chosen to cooperate rather than put the government to its burden. The government itself has acknowledged that "mixing" or "tumbling" is not *per se* illegal, and the government's newly attempted prosecution of bitcoin mixers like Larry Harmon involves a "combination of unusual elements – including the Darknet, Tor, and bitcoin – [that] will undoubtedly raise issues of first impression and require specialized analysis and preparation for trial." 1:19-CR-395- BAH [ECF Docket No. 11 at p. 6]. Thus, the government faces real challenges and uncertainty in trying to obtain a verdict against Gary Harmon here.

Finally, in arriving at bail conditions, the standard is not, as the government would have it, a 100 percent certainty. The Bail Reform Act merely requires conditions that ameliorate the risk

---

[5] The rebuttable presumption of detention as stated in 18 U.S.C. § 3142(e) i.e., the presumption that a defendant must be detained to ensure community safety does not apply here, and the government concedes it does not.

6

of danger to the community. The Court is asked to "reasonably assure" that the defendant is not a danger to the community. Computer restrictions, internet restrictions, and prohibitions on opening new financial accounts or making cryptocurrency transactions would suffice to address the only "danger" speculated by the government here – that Mr. Harmon poses a "danger of future obstruction" in his case. Govt. Mem. at 22-23. The government's speculation – devoid of any facts or evidence of any specific future intent to obstruct, and further weakened by its admissions at the September 10, 2021 hearing -- does not come close to meeting the government's heavy burden of proving, by clear and convincing evidence, that Mr. Harmon is a danger to the community, and that this danger can only be reasonably prevented by pretrial detention. *See* 18 U.S.C. 3142 (g)(1)-(4); *Munchel*, 991 F.3d at 1279. Nor should pretrial release come at the cost of Mr. Harmon giving up his constitutional right to testimonial silence. See U.S. Constitution, Fifth Amendment; *Miranda v. Arizona*, 384 U.S. 436 (1966).

Past obstructive conduct does not prove likelihood of future dangerousness. *United States v. DeGrave*, __ F.Supp.3d __, 2021 U.S. Dist. LEXIS 92102, *23 (D.D.C. May 14, 2021). More is required – usually witness tampering. *Id.* at *22-23 (collecting cases). In all events, there must be an identified serious and genuine threat that, absent pretrial detention, the defendant will materially obstruct the judicial proceeding at issue. *Id.* at *23 (citing *Salerno*, 481 U.S. at 753). Here, Mr. Harmon has not tampered, or attempted to tamper, with witnesses in his judicial proceeding. He has not urged witnesses to lie for him. In fact, he has done the opposite – he has remained in the district and stated that he would get a lawyer once charges were filed. Moreover, (i) there has been no showing of any risk of future violence; (ii) the purported thumb drive destruction and bitcoin removal took place in a different proceeding; and (iii) a third-party custodian remains available despite cross examination by the Department of Justice.

7

Finally, according to the United States, no member of the Harmon family is even speaking to Gary Harmon. Thus, that Mr. Harmon would be able to successfully contact anyone is remote, to say the least. *See United States v. Gamble*, 2020 U.S. Dist. LEXIS 118007, *6-10 (D.D.C. April 13, 2020) (granting bail and, *inter alia*, rejecting the government's speculation that Gamble might tamper with witnesses if released, when his only obstructive act was attempting to conceal physical evidence and other release conditions would be sufficient to ameliorate any such danger). Where, as here, the government's purported concern of "future obstruction" is undefined and speculative and appears to be entirely based on the government's frustration that it cannot decipher how to recover the stolen 712 bitcoin or otherwise prove its case, the Court should release Mr. Harmon from pretrial detention on the conditions initially sent in the Larry Harmon case. *See* Docket Entry No. 20:

- The government may continue to hold his passport until completion of trial and further order of the Court.

- Mr. Harmon may only leave home confinement when accompanied by a third-party custodian.

- Mr. Harmon is to refrain from contacting or entering a consulate or embassy to obtain a passport, visa, or any other travel document.

- Mr. Hanson is to have no contact or communication, physical or electronic, with his brother or any other witness in this case.

- Mr. Harmon is to refrain from any internet or online access and may contact his attorney using a flip phone that does not include Internet capability.

- Mr. Harmon is prohibited from opening new financial accounts or making cryptocurrency transactions.

## **CONCLUSION**

The legal presumption in this case is that Mr. Harmon should be released on the least restrictive conditions. And, those conditions should not violate Mr. Harmon's Fifth Amendment

Rights under the United States Constitution.

Accordingly, the Court should (i) order Mr. Harmon's release with strict bail conditions as set forth above; and (ii) grant him such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 12, 2021

                                              Respectfully submitted,

                                              */s/ Sabrina P. Shroff*
                                              Assistant Federal Public Defender
                                              Counsel for Mr. Gary James Harmon

cc: All counsel of record (by ECF)