APPEAL,CAT B

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: <u>1:21–cr–00433–BAH</u> All Defendants

Case title: USA v. HARMON                      Date Filed: 06/28/2021

Assigned to: Chief Judge Beryl A.
Howell

**<u>Defendant (1)</u>**

**GARY JAMES HARMON**          represented by   **Sabrina P. Shroff**
OFFICE OF THE FEDERAL PUBLIC
DEFENDER
625 Indiana Avenue, NW
Suite 550
20004
Washington, DC 20004
(202) 208–7500
Fax: (202) 208–7515
Email: <u>Sabrina_Shroff@fd.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community*
*Defender Appointment*

**Sandra Gayle Roland**
FEDERAL PUBLIC DEFENDER FOR D.C.
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004
(202) 208–7500
Fax: 202–208–7515
Email: <u>sandra_roland@fd.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**<u>Pending Counts</u>**                         **<u>Disposition</u>**

18:1956(a)(1)(B)(i); MONEY
LAUNDERING – FRAUD,
OTHER; Money Laundering
(1–8)

18:1512(c)(2); TAMPERING
WITH A WITNESS, VICTIM OR
INFORMANT; Obstruction of an
Official Proceeding
(9)

1

18:2232(a); DESTRUCTION OR
REMOVAL OF PROPERTY TO
PREVENT SEIZURE; Removal of
Property TO Prevent Seizure
(10)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| **USA** | represented by | **Christopher Brodie Brown** |
|---|---|---|
| | | U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA |
| | | 555 Fourth Street, NW |
| | | Washington, DC 20530 |
| | | (202) 252–7153 |
| | | Fax: (202) 514–9155 |
| | | Email: christopher.brown6@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant U.S. Attorney* |
| | | |
| | | **Catherine Pelker** |
| | | U.S. DEPARTMENT OF JUSTICE |
| | | 950 Pennsylvania Ave NW |
| | | Washington, DC 20530 |
| | | 202–616–5007 |
| | | Email: catherine.pelker@usdoj.gov |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Assistant U.S. Attorney* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/28/2021 | 1 | | SEALED INDICTMENT as to GARY JAMES HARMON (1) count(s) 1–8, 9, 10. (FORFEITURE ALLEGATION). (bb) (Entered: 06/29/2021) |

| 06/28/2021 | 3 | | MOTION to Seal Case by USA as to GARY JAMES HARMON. (Attachments: # 1 Text of Proposed Order)(bb) (Entered: 06/29/2021) |
| 06/28/2021 | 4 | | ORDER granting 3 Motion to Seal Case as to GARY JAMES HARMON (1). Signed by Magistrate Judge G. Michael Harvey on 6/28/2021. (bb) (Entered: 06/29/2021) |
| 07/28/2021 | 5 | | Arrest Warrant Returned Executed on 7/28/2021 in Cleveland, OH as to GARY JAMES HARMON. (bb) (Entered: 07/28/2021) |
| 07/28/2021 | | | Arrest of GARY JAMES HARMON in Ohio. (bb) (Entered: 07/28/2021) |
| 07/28/2021 | | | Case unsealed as to GARY JAMES HARMON (bb) (Entered: 07/28/2021) |
| 08/03/2021 | 6 | | STANDING ORDER as to GARY JAMES HARMON. Signed by Chief Judge Beryl A. Howell on August 3, 2021. (lcbah2) (Entered: 08/03/2021) |
| 08/12/2021 | 7 | | NOTICE OF ATTORNEY APPEARANCE Catherine Pelker appearing for USA. (Pelker, Catherine) (Entered: 08/12/2021) |
| 08/13/2021 | | | ORAL MOTION by Defendant GARY JAMES HARMON to Appoint Counsel. (kk) (Entered: 08/18/2021) |
| 08/13/2021 | | | ORAL MOTION by USA for Temporary Detention (3–day hold request) of Defendant GARY JAMES HARMON. (kk) (Entered: 08/18/2021) |
| 08/13/2021 | | | Minute Entry for Initial Appearance and Arraignment as to GARY JAMES HARMON held by video before Magistrate Judge Robin M. Meriweather on 8/13/2021 : The defendant agrees to proceed by video for today's hearing. The defendant expressed interest in having his future hearings conducted in–person. Oral Motion by Defendant to Appoint Counsel. The defendant's assets have been frozen. The Court finds that the defendant is eligible for court–appointed counsel and appoints Assistant Federal Public Defender Sabrina Shroff to represent GARY JAMES HARMON. Plea of Not Guilty entered by GARY JAMES HARMON to Counts 1–8, 9 and 10. The Court advised the Government of its due process obligations under Rule 5(f). Status Hearing set before Chief Judge Beryl A. Howell on 8/19/2021 at 1:00 PM by telephonic/VTC. Oral Motion by USA for Temporary Detention (3–day hold request) of the defendant, heard and granted. The detention hearing will be scheduled after defense counsel notifies chambers of her available dates for the hearing. Bond Status of Defendant: Defendant remains committed. Court Reporter: FTR Gold – Ctrm. 7; FTR Time Frame: 2:27:28 – 3:12:54. Defense Attorney: Sabrina Shroff; DOJ Attorney: Alden Pelker standing in for Christopher Brown; Pretrial Officer: Christine Schuck. (kk) (Entered: 08/18/2021) |
| 08/16/2021 | | | NOTICE OF HEARING as to GARY JAMES HARMON. The parties shall take notice that an Initial Status Conference is scheduled for 8/19/2021, at 1:00 PM in via videoconference before Chief Judge Beryl A. Howell. A videoconference link will be provided by the deputy clerk. (ztg) (Entered: 08/16/2021) |
| 08/17/2021 | 9 | | NOTICE OF ATTORNEY APPEARANCE: Sabrina P. Shroff appearing for GARY JAMES HARMON (Shroff, Sabrina) (Entered: 08/17/2021) |
| 08/19/2021 | | | Minute Entry for proceedings held before Chief Judge Beryl A. Howell: Status Conference as to GARY JAMES HARMON held via videoconference on 8/19/2021; the Defendant agreed to participate via videoconference after |

| | | |
|---|---|---|
| | | consultation with counsel. A Bond Hearing is scheduled for 9/9/2021, at 9:30 AM before Chief Judge Beryl A. Howell; a briefing scheduling order will be issued by the Court. A further Status Hearing is scheduled for 9/23/2021, at 9:00 AM before Chief Judge Beryl A. Howell. The Defendant agreed to exclude time under the Speedy Trial Act until the next status hearing of 9/23/2021. The Court found that time under the Speedy Trial Act shall be excluded from 8/19/2021 through 9/23/2021, in the interests of justice and those interests outweigh the interests of the public and the defendant in a speedy trial in order to give the parties time to discuss a protective order, give the government time for production of discovery, and the Defendant and his counsel time to review and discuss the discovery. Bond Status of Defendant: Defendant committed. Present via videoconference: Defense Attorney: Sabrina P. Shroff; US Attorneys: Christopher B. Brown and Catherine Pelker. Court Reporter: Elizabeth Saint–Loth. (ztg) (Entered: 08/19/2021) |
| 08/19/2021 | | MINUTE ORDER (paperless), as to GARY JAMES HARMON, ISSUING the following SCHEDULING ORDER: (1) by August 24, 2021, the government shall file its motion for pretrial detention; (2) defendant shall file his opposition by August 30, 2021; (3) the government shall file any reply by September 1, 2021; and (4) the parties shall appear via videoconference at 9:30am on September 9, 2021, for a hearing on the government's motion for pretrial detention. Signed by Chief Judge Beryl A. Howell on August 19, 2021. (lcbah2) (Entered: 08/19/2021) |
| 08/24/2021 | 10 | MEMORANDUM in Support of Pretrial Detention by USA as to GARY JAMES HARMON (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Brown, Christopher) (Entered: 08/24/2021) |
| 08/27/2021 | 11 | Defendant's Motion for an Extension of Time to Oppose The Government's Motion for Pretrial Detention by GARY JAMES HARMON. (Shroff, Sabrina) Modified event and text on 8/31/2021 (bb). (Entered: 08/27/2021) |
| 08/27/2021 | | MINUTE ORDER (paperless) GRANTING defendant's consent 11 Motion for an Extension of Time to Oppose the Government's Motion for Pretrial Detention, and AMENDING the SCHEDULING ORDER as follows: (1) defendant shall file his opposition by September 3, 2021; (2) the government shall file any reply by September 6, 2021; and (3) the parties shall appear via videoconference at 2:00pm on September 9, 2021, for a hearing on the government's motion for pretrial detention. Signed by Chief Judge Beryl A. Howell on August 27, 2021 (lcbah2) (Entered: 08/27/2021) |
| 08/30/2021 | | Set/Reset Deadlines/Hearings as to GARY JAMES HARMON: Defendant's opposition due by 9/3/2021. Government's reply due by 9/6/2021. VTC Bond Hearing rescheduled to 9/9/2021 at 2:00 PM before Chief Judge Beryl A. Howell. (hmc) (Entered: 08/30/2021) |
| 08/30/2021 | 12 | MOTION for Protective Order by USA as to GARY JAMES HARMON. (Attachments: # 1 Text of Proposed Order)(Brown, Christopher) (Entered: 08/30/2021) |
| 08/31/2021 | | MINUTE ORDER granting 12 Motion for Protective Order as to GARY JAMES HARMON. Signed by Chief Judge Beryl A. Howell on 8/31/2021. (hmc) (Entered: 08/31/2021) |
| 09/01/2021 | 13 | |

| | | | |
|---|---|---|---|
| | | | PROTECTIVE ORDER as to GARY JAMES HARMON. Signed by Chief Judge Beryl A. Howell on September 1, 2021. (lcbah2) (Entered: 09/01/2021) |
| 09/02/2021 | | | NOTICE OF RESCHEDULED HEARING as to GARY JAMES HARMON. The parties shall take notice that the Pretrial Detention Hearing set for 9/9/2021 is RESCHEDULED to 9/10/2021 at 2:00 PM, via videoconference, before Chief Judge Beryl A. Howell. (hmc) (Entered: 09/02/2021) |
| 09/03/2021 | 14 | | Memorandum in Opposition by GARY JAMES HARMON re MOTION for Temporary Detention (Attachments: # 1 Exhibit)(Shroff, Sabrina) (Entered: 09/03/2021) |
| 09/06/2021 | 15 | | REPLY by USA as to GARY JAMES HARMON re 14 Memorandum in Opposition *to the Government's Motion for Pretrial Detention* (Brown, Christopher) (Entered: 09/06/2021) |
| 09/08/2021 | 16 | | LETTER by GARY JAMES HARMON. "Leave to File Granted" by Chief Judge Beryl A. Howell on 9/8/2021. (bb) (Entered: 09/10/2021) |
| 09/10/2021 | | | Minute Entry for proceedings held before Chief Judge Beryl A. Howell: Motion Hearing as to GARY JAMES HARMON held via videoconference on 9/10/2021; the Defendant agreed to participate via videoconference after consultation with counsel. Argument heard by the Court on the Government's Motion for Pretrial Detention, Motion Hearing CONTINUED to 9/14/2021, at 12:00 PM before Chief Judge Beryl A. Howell. Bond Status of Defendant: Defendant committed. Present via videoconference: Defense Attorney: Sabrina P. Shroff; US Attorney: Christopher B. Brown and Catherine Pelker; Pretrial Officer: Christine Schuck (telephonically). Court Reporter: Elizabeth Saint–Loth. (ztg) (Entered: 09/10/2021) |
| 09/13/2021 | | | MINUTE ORDER (paperless) DIRECTING defendant, by 4pm today, to advise the Court about his position regarding the conditions for pre–trial release agreed to in *US v. Larry Harmon*, 19–cr–395, including (1) the prohibition on defendant conducting any virtual or crypto currency transactions, *see* 19–cr–395, ECF No. 20 at 2, and (2) directing defendant to provide the government with "access to any and all cryptocurrency within the defendant's possession, custody, and control, including by disclosing seed recovery keys, access to hidden wallets, and other keys needed to transfer cryptocurrency," *see* 19–cr–395, ECF No. 26 at 1. Signed by Chief Judge Beryl A. Howell on September 13, 2021. (lcbah2) (Entered: 09/13/2021) |
| 09/13/2021 | | | Set/Reset Deadlines as to GARY JAMES HARMON: Response to Order of the Court due by 4:00 PM on 9/13/2021. (ztg) (Entered: 09/13/2021) |
| 09/13/2021 | 17 | | Joint MOTION to Continue *Detention Hearing* by USA as to GARY JAMES HARMON. (Attachments: # 1 Text of Proposed Order)(Brown, Christopher) (Entered: 09/13/2021) |
| 09/14/2021 | | | MINUTE ORDER granting 17 Joint Motion to Continue Hearing on Pretrial Detention as to GARY JAMES HARMON. Upon consideration of the joint motion, it is hereby ORDERED that the hearing on the Government's Motion for Pretrial Detention currently scheduled for September 14, 2021, shall be CONTINUED to September 17, 2021, at 12:30 PM via videoconference before Chief Judge Beryl A. Howell. SO ORDERED. Signed by Chief Judge Beryl A. Howell on 9/14/2021. (ztg) (Entered: 09/14/2021) |

| 09/16/2021 | 18 | | NOTICE *Regarding Failure To Reach Agreement on Proposed Conditions of Release* by USA as to GARY JAMES HARMON (Attachments: # 1 Exhibit A)(Brown, Christopher) (Entered: 09/16/2021) |
|---|---|---|---|
| 09/16/2021 | 19 | | RESPONSE by GARY JAMES HARMON re 18 Notice (Attachments: # 1 Exhibit)(Shroff, Sabrina) Modified event title and link on 9/21/2021 (znmw). (Entered: 09/16/2021) |
| 09/17/2021 | | | Minute Entry for proceedings held before Chief Judge Beryl A. Howell: Motion Hearing as to GARY JAMES HARMON not held on 9/17/2021. The motion hearing will be continued to a date and time next week when the D.C. Jail can accommodate the appearance of the Defendant who is in quarantine due to COVID 19. Bond Status of Defendant: Defendant committed. Present: Defense Attorney: Sabrina Shroff; US Attorneys: Christopher B. Brown and Catherine Pelker; Pretrial Officer: Christine Schuck. Court Reporter: Elizabeth Saint–Loth. (ztg) (Entered: 09/17/2021) |
| 09/20/2021 | | | Set/Reset Hearings as to GARY JAMES HARMON: Motion Hearing RESCHEDULED for 9/24/2021, at 10:45 AM via videoconference before Chief Judge Beryl A. Howell. (ztg) (Entered: 09/20/2021) |
| 09/20/2021 | | | Terminate Hearings as to GARY JAMES HARMON: Status Hearing scheduled for 9/23/2021, VACATED. (ztg) (Entered: 09/20/2021) |
| 09/24/2021 | | | Minute Entry for proceedings held before Chief Judge Beryl A. Howell: Detention Hearing as to GARY JAMES HARMON held via videoconference on 9/24/2021; the Defendant agreed to participate telephonically after consultation with counsel. Government's Motion for Pretrial Detention, heard and granted. The Defendant shall remain detained pending trial. A Status Hearing is scheduled for 11/5/2021, at 9:00 AM before Chief Judge Beryl A. Howell. Time excluded under the Speedy Trial Act from 9/24/2021 through 11/5/2021, in the interests of justice and those interests outweigh the interests of the public and the defendant in a speedy trial in order to give time for the completion of discovery, the parties discussions for a disposition short of trial, and for the Defendant and his counsel to discuss how they wish to proceed in this case. Bond Status of Defendant: Defendant committed. Present via videoconference: Defense Attorney: Sabrina P. Shroff; US Attorneys: Christopher B. Brown and Catherine Pelker; Pretrial Officer: John Copes (in person). Court Reporter: Elizabeth Saint–Loth. (ztg) (Entered: 09/24/2021) |
| 09/27/2021 | 20 | | ORDER of DETENTION PENDING TRIAL as to GARY JAMES HARMON. Signed by Chief Judge Beryl A. Howell on September 27, 2021. (lcbah2) (Entered: 09/27/2021) |
| 10/03/2021 | 21 | | TRANSCRIPT OF PROCEEDINGS, in case as to GARY JAMES HARMON, before Chief Judge Beryl A. Howell, held on 9–10–2021. Page Numbers: 1 – 44. Date of Issuance: 10–03–2021. Court Reporter: Elizabeth SaintLoth, Telephone number: 202–354–3242. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the co urt reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased |

| | | | |
|---|---|---|---|
| | | | from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/24/2021. Redacted Transcript Deadline set for 11/3/2021. Release of Transcript Restriction set for 1/1/2022.(Saint−Loth, Elizabeth) (Entered: 10/03/2021) |
| 10/03/2021 | 22 | | TRANSCRIPT OF PROCEEDINGS, in case as to GARY JAMES HARMON, before Chief Judge Beryl A. Howell, held on 9−24−2021. Page Numbers: 1 − 39. Date of Issuance: 10−03−2021. Court Reporter: Elizabeth SaintLoth, Telephone number: 202−354−3242. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the co urt reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/24/2021. Redacted Transcript Deadline set for 11/3/2021. Release of Transcript Restriction set for 1/1/2022.(Saint−Loth, Elizabeth) (Entered: 10/03/2021) |
| 10/08/2021 | 23 | | NOTICE OF ATTORNEY APPEARANCE: Sandra Gayle Roland appearing for GARY JAMES HARMON (Roland, Sandra) (Entered: 10/08/2021) |
| 10/08/2021 | 24 | | NOTICE OF APPEAL − Interlocutory by GARY JAMES HARMON re 20 Order. Fee Status: No Fee Paid. Parties have been notified. (Roland, Sandra) Modified event on 10/13/2021 (bb). (Entered: 10/08/2021) |

**CO-290**
**Rev. 3/88**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| **v.** | **:** | **Cr. No. 21-433 (BAH)** |
| **GARY JAMES HARMON,** | **:** | |
| **Defendant.** | **:** | |

# NOTICE OF APPEAL

**Name and address of appellant:**  **Gary James Harmon**
**Central Detention Facility**
**1901 D St., S.E.**
**Washington, DC 20003**

**Name and address of appellant's attorney:**  **Sandra Roland**
**Assistant Federal Public Defender**
**625 Indiana Avenue, NW, Suite 550**
**Washington, DC 20004**

**Offense:**  **18 U.S.C. § 1956(a)(1)(B)(i) – Money Laundering; 18 U.S.C. § 1512(c)(2) – Obstruction of an Official Proceeding; and 18 U.S.C. § 2232 (a) – Removal of Property to Prevent Seizure**

**Concise statement of judgment or order, giving date, and any sentence:**

**09/27/2021: Order of Detention pending trial.**

**Name and institution where now confined, if not on bail:   Central Detention Facility**

**I, the above named appellant, hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the above-stated judgment.**

| | |
|---|---|
| **10/08/2021** | **Gary James Harmon** |
| **DATE** | **APPELLANT** |

| | |
|---|---|
| **CJA, NO FEE _____ FPD\_\_\_\_\_** | **Sandra Roland** |
| **PAID USDC FEE \_\_\_No_____** | **ATTORNEY FOR APPELLANT** |
| **PAID USCA FEE \_\_\_No_____** | |

**Does counsel wish to appear on appeal? \_X\_ Yes \_\_\_ No**
**Has counsel ordered transcripts? \_\_ Yes \_X\_ No**
**Is this appeal pursuant to the 1984 Sentencing Reform Act? \_\_ Yes \_X\_ No**

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | | | |
|---|---|---|---|
| United States of America | ) | | |
| v. | ) | | |
| | ) | Case No. | 21-cr-433 (BAH) |
| Gary James Harmon | ) | | |
| _____ | ) | | |
| *Defendant* | ) | | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

❑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❑ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

   ❑ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

      ❑ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

      ❑ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

      ❑ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

      ❑ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

      ❑ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; ***and***

   ❑ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***

   ❑ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***

   ❑ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

    ❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

    ❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

    **OR**

    ❒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**Part III - Analysis and Statement of the Reasons for Detention**

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

    ❒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

    ☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

    ☑ Weight of evidence against the defendant is strong

    ☑ Subject to lengthy period of incarceration if convicted

    ❒ Prior criminal history

    ❒ Participation in criminal activity while on probation, parole, or supervision

- ❏ History of violence or use of weapons
- ❏ History of alcohol or substance abuse
- ☑ Lack of stable employment
- ❏ Lack of stable residence
- ❏ Lack of financially responsible sureties
- ☑ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

## C.  OTHER REASONS OR FURTHER EXPLANATION:

The defendant's evidence/arguments for release:

See attachment.

Nature and circumstances of offense:

See attachment.

The strength of the government's evidence:

See attachment.

The defendant's history and characteristics, including criminal history:

See attachment.

The defendant's dangerousness/risk of flight:

See attachment.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  _____09/27/2021_____     _____

BERYL A. HOWELL
Chief Judge, United States District Court
for the District of Columbia

## <u>ATTACHMENT TO ORDER OF DETENTION PENDING TRIAL, PART III. C:</u>
## <u>Consideration of Defendant's evidence/arguments for release and</u>
## <u>18 U.S.C. § 3142(g) Factors</u>

(1) <u>**The Nature and Circumstances of the Offense**</u>:

The nature and circumstances of the offense weigh in favor of detention. Defendant is charged by indictment with ten felony counts of money laundering, obstruction of an official proceeding, and removal of property to prevent seizure, *see* Indictment, ECF No. 2, based on his alleged offense conduct, beginning in April 2020, of absconding with approximately 712.6 bitcoin (with a current estimated value of $ 30,500,000) that was contained in the bitcoin wallets seized by the government upon the arrest of his brother, Larry Harmon, and subject to forfeiture in that case, *United States v. Larry Dean Harmon*, No. 19-cr-395 (BAH). Gov't Mem. in Supp. of Pretrial Detention ("Gov't Mem.") at 1-2, 17, ECF No. 10. The government proffers that defendant took control of the 712.6 bitcoin "knowing that the property represented his brother's illegal proceeds from operating the bitcoin money laundering service Helix, and knowing that the property had been seized and was part of the criminal proceeding against his brother." *Id.* at 17.[1]

According to the government, defendant stole the 712.6 bitcoin "*after* he personally attended court hearings [on February 11 and March 13, 2020] in his brother's case and heard testimony and argument about the unsecured bitcoin." *Id.* (emphasis in original). As a condition of pretrial release, Larry Harmon agreed not to engage in any cryptocurrency transactions. Between April 19 and 24, 2020, defendant allegedly executed the theft while law enforcement had custody of electronic storage devices and access keys seized from Larry Harmon that

---

[1] Helix was a bitcoin "mixer" or "tumbler" that enabled customers, for a fee, to send bitcoins to designated recipients in a manner which was designed to conceal and obfuscate the source or owner of the bitcoins. *See* Gov't Mem. at 1.

contained evidence of the latter's illegal bitcoin transactions for which Larry Harmon has now pleaded guilty. *See* 19-cr-395 (BAH), ECF No. 122. This prompted an emergency detention hearing on April 28, 2020 for Larry Harmon, who denied he had violated the pretrial release condition and was ordered to provide the government with access to all his cryptocurrency and turn over those assets to law enforcement for their preservation. *See id.*, ECF No. 26.

Despite the risk of causing the revocation of his brother's pretrial release, defendant allegedly took the bold move of transferring 712.6 bitcoin from his brother's bitcoin wallets using remote means into new bitcoin wallets, and then transferred some of that bitcoin through two different bitcoin mixers, Wasabi Wallet and ChipMixer.com, *see* Gov't Mem. at 10, in an effort to obscure the source of the bitcoin. The government further alleges that defendant subsequently "began making thousands of dollars in unexplained cash deposits into his bank account in late 2020 and early 2021," *id.* at 11, a period when he was collecting unemployment insurance but during which period he nonetheless engaged in a significant spending spree that included the purchase of a luxury automobile and apartment in Cleveland, Ohio, *see id.* at 11-12; spending "bitcoin extravagantly at nightclubs," *id.* at 14; and using "TapJets, a private charter jet company that accepts bitcoin as payment," *id*. *See also id.*, Fig. 5 (showing evidence recovered from defendant's cellphone, including receipts for nightclub expenditures and a photo of defendant inside a bathtub and covered by $100,000 in single dollar bills). In this context, the government argues that defendant's "ability to remotely reconstitute [the bitcoin wallets seized from his brother], transfer . . . the bitcoin into new, unhosted wallets, and then gradually launder the bitcoin through two bitcoin mixing services reflects a significant degree of technological sophistication" and "a high level of operational security." *Id.* at 18.

As a result of this offense conduct, defendant is charged with three serious felony offenses: (1) eight counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), punishable by up to 20 years' imprisonment on each count; (2) one count of corruptly obstructing, influencing, or impeding any official proceeding or attempting to do so, in violation of 18 U.S.C. § 1512(c)(2), punishable by up to 20 years' imprisonment; and (3) one count of knowingly destroying, damaging, wasting, disposing of, transferring, or otherwise taking any action with regards to property for the purpose of preventing or impairing the government's lawful authority to take such property into its custody or control, in violation of 18 U.S.C. § 2232(a), punishable by up to 5 years' imprisonment. Defendant's conviction would also expose him to a significant financial penalty. *See* Gov't Mem. at 19; *see also United States v. Bikundi*, 47 F. Supp. 3d 131, 134 (D.D.C. 2014) (finding "substantial incentive to flee" where defendant faced 20-year maximum on money laundering charges); *United States v. Hong Vo*, 978 F. Supp. 2d 41, 43 (D.D.C. 2013) (finding detention appropriate for defendant facing high penalties for bribery and visa fraud).

The nature and circumstances of defendant's serious offense conduct involving alleged obstruction in his brother's criminal case accordingly weigh in favor of pretrial detention.

**(2) <u>The Weight of the Evidence Against the Person</u>:**

The weight of the evidence against defendant strongly favors pretrial detention. The government has significant and strong circumstantial evidence that defendant used remote means to steal, transfer, and launder the missing 712.6 bitcoin formerly owned by his brother, Larry Harmon, that was evidence in Larry Harmon's criminal case and subject to forfeiture by the government. Key evidence strongly supporting the charges in this case include:

1. Defendant's presence at court proceedings against his brother suggests that he knew the bitcoin owned by Larry Harmon was intended to be secured for future forfeiture by the government as illegal proceeds from Larry Harmon's bitcoin money laundering service Helix. *See* Gov't's Mem. at 20-21. The government had seized Larry Harmon's cryptocurrency Trezor storage devices in an effort to secure access to this bitcoin. To the extent defendant contends he did not understand the stolen 712.6 bitcoin was subject to forfeiture in the case against his brother, *see* Def.'s Mem. in Opp'n to Gov't's Mot. for Pretrial Detention ("Def.'s Opp'n") at 7, ECF No. 14, this argument is simply unpersuasive.

2. To secure their cryptocurrency assets, bitcoin owners keep confidential or otherwise protect the seed recovery passphrases and additional access credentials necessary for transferring their bitcoin. Defendant admitted to the FBI during a voluntary interview on July 15, 2020 that he obtained from Larry Harmon a USB thumb drive containing passwords for accounts and servers used at Larry Harmon's company, where defendant worked, as well as "partial sets of seed words" for his brother's bitcoin wallets, but defendant claims to have "flushed the USB drive down the toilet at his gym." Gov't's Mem. at 10. Nonetheless, this is an admission of defendant's access to the passphrases necessary to steal the 712.6 bitcoin.

3. Email records show that defendant's personal Google account received four automated messages from "no-reply@trezor.io" during the period of April 19 to April 26, 2020, when the 712.6 bitcoin stored on Larry Harmon's Trezor-brand cryptocurrency storage devices seized by the government was transferred into new bitcoin wallets allegedly controlled by defendant. *See id.* at 8-9. These emails reflect the use of Trezor's web interface to remotely recreate a Trezor wallet using seed recovery words and passphrases. *See id.* at 9. No other messages from "trezor.io" to or from defendant have been identified at any other time.

Notably, no transactions took place after the government filed its emergency motion for pretrial detention of Larry Harmon on April 26, 2020, indicating "that the responsible party was aware of developments in Larry Harmon's criminal case." *Id.* at 8.

4. The government proffered blockchain evidence showing the subsequent laundering of some of the 712.6 bitcoin through the bitcoin-mixing services Wasabi Wallet and ChipMixer.com, *see id.* at 10, and financial records showing that defendant made significant cash deposits into his bank account that "are consistent with the defendant engaging in peer-to-peer sales involving the missing 712.6 [bitcoin]," *id.* at 11; *see also id.*, Fig. 3 (check showing defendant's deposit of $52,000 into his bank account on Jan. 11, 2021 with "crypto" noted in memo line). He also participated in the cryptocurrency exchange Bittrex and spent bitcoin to purchase 16,079,260.6675007 in Dogecoin, *see id.* at 12, and used "crypto" to pay for nightclubs, *id*. at 14, Fig. 5 (note from defendant's iPhone reflecting, *inter alia*, "Whale room #206 for 5 hours . . . Total: $25,000"; "Dancer Fee $15,000.00 after 10% Palladium Fee Grand Total: $16,500.00"; "100,000 singles After Fees=$122,232.00"). In late March 2021, defendant additionally deposited 67.63 bitcoin, with an estimated value of $3.5 million at the time of the transaction, into a new account with the cryptocurrency finance company BlockFi. *Id.* at 12. This deposit was flagged by BlockFi for "close exposure to a Darknet Market and Ransomware." *Id.* at 13, Fig. 4.

5. The government recovered two Trezor-brand cryptocurrency storage devices and approximately 50 sets of seed words upon execution of a search warrant in an apartment that defendant formerly occupied and continued to use. *Id.* at 15. These seed words were used to reconstitute and seize bitcoin wallets containing bitcoin valued at about $6,000, but the bulk of the missing 712.6 bitcoin remains missing. *Id.*

In sum, the weight of this circumstantial evidence suggesting that defendant seized, transferred, and laundered the missing 712.6 bitcoin is very strong and further supports pretrial detention.

(3) **The History and Characteristics of the Person**:

Defendant is 30 years old, has no prior convictions, has lived in Ohio his entire life, and his family, friends, and girlfriend of about five months also live in the state. *See* Pretrial Servs. Report at 1, ECF No. 8; Def.'s Opp'n at 5. These factors would usually assuage concerns as to whether defendant poses a serious risk of flight. *See* 18 U.S.C. § 3142(f)(2)(A). Yet, concerns about his risk of flight and further obstructive conduct, *id.* § 3142(f)(2)(B), persist here given defendant's apparent access to millions of dollars in cryptocurrency for significant expenditures while unemployed, *see* Gov't Mem. at 10-14; his use of TapJets, a private charter jet company that accepts bitcoin as payment, *id.* at 21; his "demonstrated . . . ability to remotely access and launder bitcoin from anywhere in the world with an Internet connection," *id.*; his knowledge of the Darknet—where false documents are available for purchase—to "finance his flight from prosecution for the rest of his life," *id.* at 22; and alleged obstructive conduct in seizing bitcoin held by law enforcement and subject to forfeiture in an ongoing criminal proceeding against his own brother, *id.* at 6-8. These considerations raise serious concerns about defendant's willingness to comply with even the most stringent release conditions.[2]

---

[2] Defendant initially agreed that "rigorous bail conditions such *as those imposed on his brother* under [the High Intensity Supervision Program] are sufficient to reasonably mitigate any community danger and assure Mr. Harmon's appearances in court," including a prohibition on "making cryptocurrency transactions." Def.'s Opp'n at 15-16 (emphasis added). Defense counsel reiterated this point during the September 10, 2021 detention hearing and further stated that she assumed "Mr. Harmon would not have an objection" to entry of an order like the one entered in his brother's case requiring defendant to turn over any cryptocurrency and access credentials under his control. *See* Rough Hr'g Tr. (Sept. 10, 2021) at 20:25-21:25. After the Court continued the detention hearing to provide the parties an opportunity to confer about possible release conditions—including entry of an order preserving cryptocurrency assets like that entered in Larry Harmon's case, *see* 19-cr-395 (BAH), ECF No. 26—defendant announced his opposition to such a condition of release as violative of his right against self-incrimination under the Fifth Amendment and rejected the government's offer of limited act-of-production immunity for the transfer of any crypto assets. *See* Notice Regarding Failure to Reach Agreement on Proposed Conditions of Release at 2, ECF No.

Defendant does not meaningfully dispute the government's evidence from witnesses that he is estranged from his family due to the family's belief that defendant stole the bitcoin and put his brother's pretrial release at risk of revocation. *Compare* Gov't's Reply in Supp. of Pretrial Detention ("Gov't's Reply") at 3, ECF No. 3, *with* Def.'s Opp'n at 6 (dismissing as "unsourced gossip" the government's account, based on multiple witness testimony, of defendant's deteriorating relationship with his family); *see also* Rough Hr'g Tr. (Sept. 10, 2021) at 10:6-13. Yet, the only character references submitted on defendant's behalf are not from his family, but from persons he has been friends with for a year *or less*. *See* Def.'s Opp'n, Ex. A, B. Simply put, despite having spent his entire life in Ohio, defendant's ties to his family and community do not appear to be meaningful or longstanding. Furthermore, defendant's proposed third-party custodian, Alyssa Pisani, has been his girlfriend since May 2021—less than three months before his arrest, *see* Def.'s Opp'n, Ex. A—and she has a full-time job, which necessarily means that she will be unable to monitor defendant's compliance with release conditions at all hours of the day, *see* Gov't's Reply at 9.

Taken together, these considerations weigh in favor of pretrial detention.

## (4) <u>The Nature and Seriousness of the Danger to Any Person or the Community that Would be Posed by the Person's Release:</u>

The strong evidence supporting the obstruction charge, under 18 U.S.C. § 1512(c)(2), raises serious concerns about defendant's willingness to use his knowledge and skills to engage in similar conduct in the future to further obstruct law enforcement functions and judicial proceedings. Defendant's decision to flush down the toilet the USB thumb drive he received

---

18; Def.'s Resp. to the Gov't's "Notice Regarding Failure to Reach Agreement of Proposed Conditions of Release," ECF No. 19. Defendant's agreement to this condition would have gone "very far in addressing the government's concerns"—and this Court's—about his risk of flight and potential for future obstruction. Rough Hr'g Tr. (Sept. 10, 2021) at 13:3-14:6.

from his brother with access keys to the bitcoin subject to forfeiture in Larry Harmon's criminal case, *see* Gov't's Mem. at 9-10, and which, at a minimum, may have contained evidence relevant to his brother's criminal proceeding, reveal defendant's lack of respect for judicial process and willingness to dispose of evidence. The fact that the 712.6 bitcoin was boldly stolen from under the very noses of law enforcement, which had seized Larry Harmon's bitcoin storage devices, regardless of the consequences to Larry Harmon—and that the evidence points directly to defendant as the person with the skills, knowledge, and access to the seed recovery passphrases necessary to execute this remote theft—demonstrates that no condition or combination of conditions can assure defendant's full compliance with any pretrial release conditions. This risk of noncompliance is only increased by defendant's alleged continuing control over possibly millions of dollars in bitcoin and difficult-to-monitor use of a ProtonMail address—an encrypted email service based in Switzerland through which defendant registered to make bitcoin deposits between January and March 2021 into the Bittrex cryptocurrency exchange and a BlockFi account—which would be available for his use to engage in future obstruction. *See id.* at 12.

Defendant therefore represents a danger of further obstructive conduct that can only be effectively prevented through pretrial detention and thus this final factor also weighs against his release.

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: 1:21–cr–00433–BAH–1

Case title: USA v. HARMON                     Date Filed: 06/28/2021

Assigned to: Chief Judge Beryl A.
Howell

**Defendant (1)**

**GARY JAMES HARMON**           represented by  **Sabrina P. Shroff**
OFFICE OF THE FEDERAL PUBLIC
DEFENDER
625 Indiana Avenue, NW
Suite 550
20004
Washington, DC 20004
(202) 208–7500
Fax: (202) 208–7515
Email: Sabrina_Shroff@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community*
*Defender Appointment*

**Pending Counts**                              **Disposition**

18:1956(a)(1)(B)(i); MONEY
LAUNDERING – FRAUD,
OTHER; Money Laundering
(1–8)

18:1512(c)(2); TAMPERING
WITH A WITNESS, VICTIM OR
INFORMANT; Obstruction of an
Official Proceeding
(9)

18:2232(a); DESTRUCTION OR
REMOVAL OF PROPERTY TO
PREVENT SEIZURE; Removal of
Property TO Prevent Seizure
(10)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                           **Disposition**

None

**Highest Offense Level
(Terminated)**

None

**Complaints**                                  **Disposition**

None

**Plaintiff**

**USA**                               represented by   **Christopher Brodie Brown**
                                                       U.S. ATTORNEY'S OFFICE FOR THE
                                                       DISTRICT OF COLUMBIA
                                                       555 Fourth Street, NW
                                                       Washington, DC 20530
                                                       (202) 252–7153
                                                       Fax: (202) 514–9155
                                                       Email: christopher.brown6@usdoj.gov
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Assistant U.S. Attorney*

                                                       **Catherine Pelker**
                                                       U.S. DEPARTMENT OF JUSTICE
                                                       950 Pennsylvania Ave NW
                                                       Washington, DC 20530
                                                       202–616–5007
                                                       Email: catherine.pelker@usdoj.gov
                                                       *ATTORNEY TO BE NOTICED*
                                                       *Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/28/2021 | 1 | SEALED INDICTMENT as to GARY JAMES HARMON (1) count(s) 1–8, 9, 10. (FORFEITURE ALLEGATION). (bb) (Entered: 06/29/2021) |
| 06/28/2021 | 3 | MOTION to Seal Case by USA as to GARY JAMES HARMON. (Attachments: # 1 Text of Proposed Order)(bb) (Entered: 06/29/2021) |
| 06/28/2021 | 4 | ORDER granting 3 Motion to Seal Case as to GARY JAMES HARMON (1). Signed by Magistrate Judge G. Michael Harvey on 6/28/2021. (bb) (Entered: 06/29/2021) |
| 07/28/2021 | 5 | Arrest Warrant Returned Executed on 7/28/2021 in Cleveland, OH as to GARY JAMES HARMON. (bb) (Entered: 07/28/2021) |
| 07/28/2021 |  | Arrest of GARY JAMES HARMON in Ohio. (bb) (Entered: 07/28/2021) |
| 07/28/2021 |  | Case unsealed as to GARY JAMES HARMON (bb) (Entered: 07/28/2021) |
| 08/03/2021 | 6 | STANDING ORDER as to GARY JAMES HARMON. Signed by Chief Judge Beryl A. Howell on August 3, 2021. (lcbah2) (Entered: 08/03/2021) |
| 08/12/2021 | 7 | NOTICE OF ATTORNEY APPEARANCE Catherine Pelker appearing for USA. (Pelker, Catherine) (Entered: 08/12/2021) |
| 08/13/2021 |  | ORAL MOTION by Defendant GARY JAMES HARMON to Appoint Counsel. (kk) (Entered: 08/18/2021) |
| 08/13/2021 |  | ORAL MOTION by USA for Temporary Detention (3–day hold request) of Defendant GARY JAMES HARMON. (kk) (Entered: 08/18/2021) |
| 08/13/2021 |  | Minute Entry for Initial Appearance and Arraignment as to GARY JAMES HARMON held by video before Magistrate Judge Robin M. Meriweather on 8/13/2021 : The defendant agrees to proceed by video for today's hearing. The defendant expressed interest in having his future hearings conducted in–person. Oral Motion by Defendant to Appoint Counsel. The defendant's assets have been frozen. The Court finds that the defendant is eligible for court–appointed counsel and appoints Assistant Federal Public Defender Sabrina Shroff to represent GARY JAMES HARMON. Plea of Not Guilty entered by GARY JAMES HARMON to Counts 1–8, 9 and 10. The Court advised the Government of its due process obligations under Rule 5(f). Status Hearing set before Chief Judge Beryl A. Howell on 8/19/2021 at 1:00 PM by telephonic/VTC. Oral Motion by USA for Temporary Detention (3–day hold request) of the defendant, heard and granted. The detention hearing will be scheduled after defense counsel notifies chambers of her available dates for the hearing. Bond Status of Defendant: Defendant remains committed. Court Reporter: FTR Gold – Ctrm. 7; FTR Time |

| | | |
|---|---|---|
| | | Frame: 2:27:28 – 3:12:54. Defense Attorney: Sabrina Shroff; DOJ Attorney: Alden Pelker standing in for Christopher Brown; Pretrial Officer: Christine Schuck. (kk) (Entered: 08/18/2021) |
| 08/16/2021 | | NOTICE OF HEARING as to GARY JAMES HARMON. The parties shall take notice that an Initial Status Conference is scheduled for 8/19/2021, at 1:00 PM in via videoconference before Chief Judge Beryl A. Howell. A videoconference link will be provided by the deputy clerk. (ztg) (Entered: 08/16/2021) |
| 08/17/2021 | 9 | NOTICE OF ATTORNEY APPEARANCE: Sabrina P. Shroff appearing for GARY JAMES HARMON (Shroff, Sabrina) (Entered: 08/17/2021) |
| 08/19/2021 | | Minute Entry for proceedings held before Chief Judge Beryl A. Howell: Status Conference as to GARY JAMES HARMON held via videoconference on 8/19/2021; the Defendant agreed to participate via videoconference after consultation with counsel. A Bond Hearing is scheduled for 9/9/2021, at 9:30 AM before Chief Judge Beryl A. Howell; a briefing scheduling order will be issued by the Court. A further Status Hearing is scheduled for 9/23/2021, at 9:00 AM before Chief Judge Beryl A. Howell. The Defendant agreed to exclude time under the Speedy Trial Act until the next status hearing of 9/23/2021. The Court found that time under the Speedy Trial Act shall be excluded from 8/19/2021 through 9/23/2021, in the interests of justice and those interests outweigh the interests of the public and the defendant in a speedy trial in order to give the parties time to discuss a protective order, give the government time for production of discovery, and the Defendant and his counsel time to review and discuss the discovery. Bond Status of Defendant: Defendant committed. Present via videoconference: Defense Attorney: Sabrina P. Shroff; US Attorneys: Christopher B. Brown and Catherine Pelker. Court Reporter: Elizabeth Saint–Loth. (ztg) (Entered: 08/19/2021) |
| 08/19/2021 | | MINUTE ORDER (paperless), as to GARY JAMES HARMON, ISSUING the following SCHEDULING ORDER: (1) by August 24, 2021, the government shall file its motion for pretrial detention; (2) defendant shall file his opposition by August 30, 2021; (3) the government shall file any reply by September 1, 2021; and (4) the parties shall appear via videoconference at 9:30am on September 9, 2021, for a hearing on the government's motion for pretrial detention. Signed by Chief Judge Beryl A. Howell on August 19, 2021. (lcbah2) (Entered: 08/19/2021) |
| 08/24/2021 | 10 | MEMORANDUM in Support of Pretrial Detention by USA as to GARY JAMES HARMON (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Brown, Christopher) (Entered: 08/24/2021) |
| 08/27/2021 | 11 | Defendant's Motion for an Extension of Time to Oppose The Government's Motion for Pretrial Detention by GARY JAMES HARMON. (Shroff, Sabrina) Modified event and text on 8/31/2021 (bb). (Entered: 08/27/2021) |
| 08/27/2021 | | MINUTE ORDER (paperless) GRANTING defendant's consent 11 Motion for an Extension of Time to Oppose the Government's Motion for Pretrial Detention, and AMENDING the SCHEDULING ORDER as follows: (1) defendant shall file his opposition by September 3, 2021; (2) the government shall file any reply by September 6, 2021; and (3) the parties shall appear via videoconference at 2:00pm on September 9, 2021, for a hearing on the government's motion for pretrial detention. Signed by Chief Judge Beryl A. Howell on August 27, 2021 (lcbah2) (Entered: 08/27/2021) |
| 08/30/2021 | | Set/Reset Deadlines/Hearings as to GARY JAMES HARMON: Defendant's opposition due by 9/3/2021. Government's reply due by 9/6/2021. VTC Bond Hearing rescheduled to 9/9/2021 at 2:00 PM before Chief Judge Beryl A. Howell. (hmc) (Entered: 08/30/2021) |
| 08/30/2021 | 12 | MOTION for Protective Order by USA as to GARY JAMES HARMON. (Attachments: # 1 Text of Proposed Order)(Brown, Christopher) (Entered: 08/30/2021) |
| 08/31/2021 | | MINUTE ORDER granting 12 Motion for Protective Order as to GARY JAMES HARMON. Signed by Chief Judge Beryl A. Howell on 8/31/2021. (hmc) (Entered: 08/31/2021) |

| 09/01/2021 | 13 | PROTECTIVE ORDER as to GARY JAMES HARMON. Signed by Chief Judge Beryl A. Howell on September 1, 2021. (lcbah2) (Entered: 09/01/2021) |
|---|---|---|
| 09/02/2021 | | NOTICE OF RESCHEDULED HEARING as to GARY JAMES HARMON. The parties shall take notice that the Pretrial Detention Hearing set for 9/9/2021 is RESCHEDULED to 9/10/2021 at 2:00 PM, via videoconference, before Chief Judge Beryl A. Howell. (hmc) (Entered: 09/02/2021) |
| 09/03/2021 | 14 | Memorandum in Opposition by GARY JAMES HARMON re MOTION for Temporary Detention (Attachments: # 1 Exhibit)(Shroff, Sabrina) (Entered: 09/03/2021) |
| 09/06/2021 | 15 | REPLY by USA as to GARY JAMES HARMON re 14 Memorandum in Opposition *to the Government's Motion for Pretrial Detention* (Brown, Christopher) (Entered: 09/06/2021) |
| 09/08/2021 | 16 | LETTER by GARY JAMES HARMON. "Leave to File Granted" by Chief Judge Beryl A. Howell on 9/8/2021. (bb) (Entered: 09/10/2021) |
| 09/10/2021 | | Minute Entry for proceedings held before Chief Judge Beryl A. Howell: Motion Hearing as to GARY JAMES HARMON held via videoconference on 9/10/2021; the Defendant agreed to participate via videoconference after consultation with counsel. Argument heard by the Court on the Government's Motion for Pretrial Detention, Motion Hearing CONTINUED to 9/14/2021, at 12:00 PM before Chief Judge Beryl A. Howell. Bond Status of Defendant: Defendant committed. Present via videoconference: Defense Attorney: Sabrina P. Shroff; US Attorney: Christopher B. Brown and Catherine Pelker; Pretrial Officer: Christine Schuck (telephonically). Court Reporter: Elizabeth Saint–Loth. (ztg) (Entered: 09/10/2021) |
| 09/13/2021 | | MINUTE ORDER (paperless) DIRECTING defendant, by 4pm today, to advise the Court about his position regarding the conditions for pre–trial release agreed to in *US v. Larry Harmon*, 19–cr–395, including (1) the prohibition on defendant conducting any virtual or crypto currency transactions, *see* 19–cr–395, ECF No. 20 at 2, and (2) directing defendant to provide the government with "access to any and all cryptocurrency within the defendant's possession, custody, and control, including by disclosing seed recovery keys, access to hidden wallets, and other keys needed to transfer cryptocurrency," *see* 19–cr–395, ECF No. 26 at 1. Signed by Chief Judge Beryl A. Howell on September 13, 2021. (lcbah2) (Entered: 09/13/2021) |
| 09/13/2021 | | Set/Reset Deadlines as to GARY JAMES HARMON: Response to Order of the Court due by 4:00 PM on 9/13/2021. (ztg) (Entered: 09/13/2021) |
| 09/13/2021 | 17 | Joint MOTION to Continue *Detention Hearing* by USA as to GARY JAMES HARMON. (Attachments: # 1 Text of Proposed Order)(Brown, Christopher) (Entered: 09/13/2021) |
| 09/14/2021 | | MINUTE ORDER granting 17 Joint Motion to Continue Hearing on Pretrial Detention as to GARY JAMES HARMON. Upon consideration of the joint motion, it is hereby ORDERED that the hearing on the Government's Motion for Pretrial Detention currently scheduled for September 14, 2021, shall be CONTINUED to September 17, 2021, at 12:30 PM via videoconference before Chief Judge Beryl A. Howell. SO ORDERED. Signed by Chief Judge Beryl A. Howell on 9/14/2021. (ztg) (Entered: 09/14/2021) |
| 09/16/2021 | 18 | NOTICE *Regarding Failure To Reach Agreement on Proposed Conditions of Release* by USA as to GARY JAMES HARMON (Attachments: # 1 Exhibit A)(Brown, Christopher) (Entered: 09/16/2021) |
| 09/16/2021 | 19 | RESPONSE by GARY JAMES HARMON re 18 Notice (Attachments: # 1 Exhibit)(Shroff, Sabrina) Modified event title and link on 9/21/2021 (znmw). (Entered: 09/16/2021) |
| 09/17/2021 | | Minute Entry for proceedings held before Chief Judge Beryl A. Howell: Motion Hearing as to GARY JAMES HARMON not held on 9/17/2021. The motion hearing will be continued to a date and time next week when the D.C. Jail can accommodate the appearance of the Defendant who is in quarantine due to COVID 19. Bond Status of Defendant: Defendant committed. Present: Defense Attorney: Sabrina Shroff; US Attorneys: Christopher B. Brown and Catherine Pelker; Pretrial Officer: Christine |

| | | |
|---|---|---|
| | | Schuck. Court Reporter: Elizabeth Saint–Loth. (ztg) (Entered: 09/17/2021) |
| 09/20/2021 | | Set/Reset Hearings as to GARY JAMES HARMON: Motion Hearing RESCHEDULED for 9/24/2021, at 10:45 AM via videoconference before Chief Judge Beryl A. Howell. (ztg) (Entered: 09/20/2021) |
| 09/20/2021 | | Terminate Hearings as to GARY JAMES HARMON: Status Hearing scheduled for 9/23/2021, VACATED. (ztg) (Entered: 09/20/2021) |
| 09/24/2021 | | Minute Entry for proceedings held before Chief Judge Beryl A. Howell: Detention Hearing as to GARY JAMES HARMON held via videoconference on 9/24/2021; the Defendant agreed to participate telephonically after consultation with counsel. Government's Motion for Pretrial Detention, heard and granted. The Defendant shall remain detained pending trial. A Status Hearing is scheduled for 11/5/2021, at 9:00 AM before Chief Judge Beryl A. Howell. Time excluded under the Speedy Trial Act from 9/24/2021 through 11/5/2021, in the interests of justice and those interests outweigh the interests of the public and the defendant in a speedy trial in order to give time for the completion of discovery, the parties discussions for a disposition short of trial, and for the Defendant and his counsel to discuss how they wish to proceed in this case. Bond Status of Defendant: Defendant committed. Present via videoconference: Defense Attorney: Sabrina P. Shroff; US Attorneys: Christopher B. Brown and Catherine Pelker; Pretrial Officer: John Copes (in person). Court Reporter: Elizabeth Saint–Loth. (ztg) (Entered: 09/24/2021) |
| 09/27/2021 | 20 | ORDER of DETENTION PENDING TRIAL as to GARY JAMES HARMON. Signed by Chief Judge Beryl A. Howell on September 27, 2021. (lcbah2) (Entered: 09/27/2021) |
| 10/03/2021 | 21 | TRANSCRIPT OF PROCEEDINGS, in case as to GARY JAMES HARMON, before Chief Judge Beryl A. Howell, held on 9–10–2021. Page Numbers: 1 – 44. Date of Issuance: 10–03–2021. Court Reporter: Elizabeth SaintLoth, Telephone number: 202–354–3242. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the co urt reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 10/24/2021. Redacted Transcript Deadline set for 11/3/2021. Release of Transcript Restriction set for 1/1/2022.(Saint–Loth, Elizabeth) (Entered: 10/03/2021) |
| 10/03/2021 | 22 | TRANSCRIPT OF PROCEEDINGS, in case as to GARY JAMES HARMON, before Chief Judge Beryl A. Howell, held on 9–24–2021. Page Numbers: 1 – 39. Date of Issuance: 10–03–2021. Court Reporter: Elizabeth SaintLoth, Telephone number: 202–354–3242. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the co urt reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | Redaction Request due 10/24/2021. Redacted Transcript Deadline set for 11/3/2021. Release of Transcript Restriction set for 1/1/2022.(Saint–Loth, Elizabeth) (Entered: 10/03/2021) |

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.    21-cr-433 (BAH) |
| Gary James Harmon | ) | |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

    ❏ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

    ☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

❏ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

    ❏ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

        ❏ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

        ❏ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

        ❏ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

        ❏ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

        ❏ **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

    ❏ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

    ❏ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

    ❏ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

  ❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

  ❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

  **OR**

  ❒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III – Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

  ❒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

  ☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

  ☑ Weight of evidence against the defendant is strong

  ☑ Subject to lengthy period of incarceration if convicted

  ❒ Prior criminal history

  ❒ Participation in criminal activity while on probation, parole, or supervision

- ❏ History of violence or use of weapons
- ❏ History of alcohol or substance abuse
- ☑ Lack of stable employment
- ❏ Lack of stable residence
- ❏ Lack of financially responsible sureties
- ☑ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

## C. OTHER REASONS OR FURTHER EXPLANATION:

The defendant's evidence/arguments for release:

See attachment.

Nature and circumstances of offense:

See attachment.

The strength of the government's evidence:

See attachment.

The defendant's history and characteristics, including criminal history:

See attachment.

The defendant's dangerousness/risk of flight:

See attachment.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: _____09/27/2021_____    _____

BERYL A. HOWELL
Chief Judge, United States District Court
for the District of Columbia

**ATTACHMENT TO ORDER OF DETENTION PENDING TRIAL, PART III. C:**
**Consideration of Defendant's evidence/arguments for release and**
**18 U.S.C. § 3142(g) Factors**

(1) **The Nature and Circumstances of the Offense**:

The nature and circumstances of the offense weigh in favor of detention. Defendant is

charged by indictment with ten felony counts of money laundering, obstruction of an official

proceeding, and removal of property to prevent seizure, *see* Indictment, ECF No. 2, based on his

alleged offense conduct, beginning in April 2020, of absconding with approximately 712.6

bitcoin (with a current estimated value of $ 30,500,000) that was contained in the bitcoin wallets

seized by the government upon the arrest of his brother, Larry Harmon, and subject to forfeiture

in that case, *United States v. Larry Dean Harmon*, No. 19-cr-395 (BAH). Gov't Mem. in

Supp. of Pretrial Detention ("Gov't Mem.") at 1-2, 17, ECF No. 10. The government proffers

that defendant took control of the 712.6 bitcoin "knowing that the property represented his

brother's illegal proceeds from operating the bitcoin money laundering service Helix, and

knowing that the property had been seized and was part of the criminal proceeding against his

brother." *Id.* at 17.[1]

According to the government, defendant stole the 712.6 bitcoin "*after* he personally

attended court hearings [on February 11 and March 13, 2020] in his brother's case and heard

testimony and argument about the unsecured bitcoin." *Id.* (emphasis in original). As a condition

of pretrial release, Larry Harmon agreed not to engage in any cryptocurrency transactions.

Between April 19 and 24, 2020, defendant allegedly executed the theft while law enforcement

had custody of electronic storage devices and access keys seized from Larry Harmon that

---

[1]     Helix was a bitcoin "mixer" or "tumbler" that enabled customers, for a fee, to send bitcoins to designated recipients in a manner which was designed to conceal and obfuscate the source or owner of the bitcoins. *See* Gov't Mem. at 1.

contained evidence of the latter's illegal bitcoin transactions for which Larry Harmon has now pleaded guilty. *See* 19-cr-395 (BAH), ECF No. 122. This prompted an emergency detention hearing on April 28, 2020 for Larry Harmon, who denied he had violated the pretrial release condition and was ordered to provide the government with access to all his cryptocurrency and turn over those assets to law enforcement for their preservation. *See id.*, ECF No. 26.

Despite the risk of causing the revocation of his brother's pretrial release, defendant allegedly took the bold move of transferring 712.6 bitcoin from his brother's bitcoin wallets using remote means into new bitcoin wallets, and then transferred some of that bitcoin through two different bitcoin mixers, Wasabi Wallet and ChipMixer.com, *see* Gov't Mem. at 10, in an effort to obscure the source of the bitcoin. The government further alleges that defendant subsequently "began making thousands of dollars in unexplained cash deposits into his bank account in late 2020 and early 2021," *id.* at 11, a period when he was collecting unemployment insurance but during which period he nonetheless engaged in a significant spending spree that included the purchase of a luxury automobile and apartment in Cleveland, Ohio, *see id.* at 11-12; spending "bitcoin extravagantly at nightclubs," *id.* at 14; and using "TapJets, a private charter jet company that accepts bitcoin as payment," *id*. *See also id.*, Fig. 5 (showing evidence recovered from defendant's cellphone, including receipts for nightclub expenditures and a photo of defendant inside a bathtub and covered by $100,000 in single dollar bills). In this context, the government argues that defendant's "ability to remotely reconstitute [the bitcoin wallets seized from his brother], transfer . . . the bitcoin into new, unhosted wallets, and then gradually launder the bitcoin through two bitcoin mixing services reflects a significant degree of technological sophistication" and "a high level of operational security." *Id.* at 18.

As a result of this offense conduct, defendant is charged with three serious felony offenses: (1) eight counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), punishable by up to 20 years' imprisonment on each count; (2) one count of corruptly obstructing, influencing, or impending any official proceeding or attempting to do so, in violation of 18 U.S.C. § 1512(c)(2), punishable by up to 20 years' imprisonment; and (3) one count of knowingly destroying, damaging, wasting, disposing of, transferring, or otherwise taking any action with regards to property for the purpose of preventing or impairing the government's lawful authority to take such property into its custody or control, in violation of 18 U.S.C. § 2232(a), punishable by up to 5 years' imprisonment. Defendant's conviction would also expose him to a significant financial penalty. *See* Gov't Mem. at 19; *see also United States v. Bikundi*, 47 F. Supp. 3d 131, 134 (D.D.C. 2014) (finding "substantial incentive to flee" where defendant faced 20-year maximum on money laundering charges); *United States v. Hong Vo*, 978 F. Supp. 2d 41, 43 (D.D.C. 2013) (finding detention appropriate for defendant facing high penalties for bribery and visa fraud).

The nature and circumstances of defendant's serious offense conduct involving alleged obstruction in his brother's criminal case accordingly weigh in favor of pretrial detention.

**(2)** **The Weight of the Evidence Against the Person:**

The weight of the evidence against defendant strongly favors pretrial detention. The government has significant and strong circumstantial evidence that defendant used remote means to steal, transfer, and launder the missing 712.6 bitcoin formerly owned by his brother, Larry Harmon, that was evidence in Larry Harmon's criminal case and subject to forfeiture by the government. Key evidence strongly supporting the charges in this case include:

1. Defendant's presence at court proceedings against his brother suggests that he knew the bitcoin owned by Larry Harmon was intended to be secured for future forfeiture by the government as illegal proceeds from Larry Harmon's bitcoin money laundering service Helix. *See* Gov't's Mem. at 20-21. The government had seized Larry Harmon's cryptocurrency Trezor storage devices in an effort to secure access to this bitcoin. To the extent defendant contends he did not understand the stolen 712.6 bitcoin was subject to forfeiture in the case against his brother, *see* Def.'s Mem. in Opp'n to Gov't's Mot. for Pretrial Detention ("Def.'s Opp'n") at 7, ECF No. 14, this argument is simply unpersuasive.

2. To secure their cryptocurrency assets, bitcoin owners keep confidential or otherwise protect the seed recovery passphrases and additional access credentials necessary for transferring their bitcoin. Defendant admitted to the FBI during a voluntary interview on July 15, 2020 that he obtained from Larry Harmon a USB thumb drive containing passwords for accounts and servers used at Larry Harmon's company, where defendant worked, as well as "partial sets of seed words" for his brother's bitcoin wallets, but defendant claims to have "flushed the USB drive down the toilet at his gym." Gov't's Mem. at 10. Nonetheless, this is an admission of defendant's access to the passphrases necessary to steal the 712.6 bitcoin.

3. Email records show that defendant's personal Google account received four automated messages from "no-reply@trezor.io" during the period of April 19 to April 26, 2020, when the 712.6 bitcoin stored on Larry Harmon's Trezor-brand cryptocurrency storage devices seized by the government was transferred into new bitcoin wallets allegedly controlled by defendant. *See id.* at 8-9. These emails reflect the use of Trezor's web interface to remotely recreate a Trezor wallet using seed recovery words and passphrases. *See id.* at 9. No other messages from "trezor.io" to or from defendant have been identified at any other time.

Notably, no transactions took place after the government filed its emergency motion for pretrial detention of Larry Harmon on April 26, 2020, indicating "that the responsible party was aware of developments in Larry Harmon's criminal case." *Id.* at 8.

4. The government proffered blockchain evidence showing the subsequent laundering of some of the 712.6 bitcoin through the bitcoin-mixing services Wasabi Wallet and ChipMixer.com, *see id.* at 10, and financial records showing that defendant made significant cash deposits into his bank account that "are consistent with the defendant engaging in peer-to-peer sales involving the missing 712.6 [bitcoin]," *id.* at 11; *see also id.*, Fig. 3 (check showing defendant's deposit of $52,000 into his bank account on Jan. 11, 2021 with "crypto" noted in memo line). He also participated in the cryptocurrency exchange Bittrex and spent bitcoin to purchase 16,079,260.6675007 in Dogecoin, *see id.* at 12, and used "crypto" to pay for nightclubs, *id*. at 14, Fig. 5 (note from defendant's iPhone reflecting, *inter alia*, "Whale room #206 for 5 hours . . . Total: $25,000"; "Dancer Fee $15,000.00 after 10% Palladium Fee Grand Total: $16,500.00"; "100,000 singles After Fees=$122,232.00"). In late March 2021, defendant additionally deposited 67.63 bitcoin, with an estimated value of $3.5 million at the time of the transaction, into a new account with the cryptocurrency finance company BlockFi. *Id.* at 12. This deposit was flagged by BlockFi for "close exposure to a Darknet Market and Ransomware." *Id.* at 13, Fig. 4.

5. The government recovered two Trezor-brand cryptocurrency storage devices and approximately 50 sets of seed words upon execution of a search warrant in an apartment that defendant formerly occupied and continued to use. *Id.* at 15. These seed words were used to reconstitute and seize bitcoin wallets containing bitcoin valued at about $6,000, but the bulk of the missing 712.6 bitcoin remains missing. *Id.*

In sum, the weight of this circumstantial evidence suggesting that defendant seized, transferred, and laundered the missing 712.6 bitcoin is very strong and further supports pretrial detention.

### (3) **The History and Characteristics of the Person**:

Defendant is 30 years old, has no prior convictions, has lived in Ohio his entire life, and his family, friends, and girlfriend of about five months also live in the state. *See* Pretrial Servs. Report at 1, ECF No. 8; Def.'s Opp'n at 5. These factors would usually assuage concerns as to whether defendant poses a serious risk of flight. *See* 18 U.S.C. § 3142(f)(2)(A). Yet, concerns about his risk of flight and further obstructive conduct, *id*. § 3142(f)(2)(B), persist here given defendant's apparent access to millions of dollars in cryptocurrency for significant expenditures while unemployed, *see* Gov't Mem. at 10-14; his use of TapJets, a private charter jet company that accepts bitcoin as payment, *id.* at 21; his "demonstrated . . . ability to remotely access and launder bitcoin from anywhere in the world with an Internet connection," *id.*; his knowledge of the Darknet—where false documents are available for purchase—to "finance his flight from prosecution for the rest of his life," *id.* at 22; and alleged obstructive conduct in seizing bitcoin held by law enforcement and subject to forfeiture in an ongoing criminal proceeding against his own brother, *id.* at 6-8. These considerations raise serious concerns about defendant's willingness to comply with even the most stringent release conditions.[2]

---

[2] Defendant initially agreed that "rigorous bail conditions such *as those imposed on his brother* under [the High Intensity Supervision Program] are sufficient to reasonably mitigate any community danger and assure Mr. Harmon's appearances in court," including a prohibition on "making cryptocurrency transactions." Def.'s Opp'n at 15-16 (emphasis added). Defense counsel reiterated this point during the September 10, 2021 detention hearing and further stated that she assumed "Mr. Harmon would not have an objection" to entry of an order like the one entered in his brother's case requiring defendant to turn over any cryptocurrency and access credentials under his control. *See* Rough Hr'g Tr. (Sept. 10, 2021) at 20:25-21:25. After the Court continued the detention hearing to provide the parties an opportunity to confer about possible release conditions—including entry of an order preserving cryptocurrency assets like that entered in Larry Harmon's case, *see* 19-cr-395 (BAH), ECF No. 26—defendant announced his opposition to such a condition of release as violative of his right against self-incrimination under the Fifth Amendment and rejected the government's offer of limited act-of-production immunity for the transfer of any crypto assets. *See* Notice Regarding Failure to Reach Agreement on Proposed Conditions of Release at 2, ECF No.

Defendant does not meaningfully dispute the government's evidence from witnesses that he is estranged from his family due to the family's belief that defendant stole the bitcoin and put his brother's pretrial release at risk of revocation. *Compare* Gov't's Reply in Supp. of Pretrial Detention ("Gov't's Reply") at 3, ECF No. 3, *with* Def.'s Opp'n at 6 (dismissing as "unsourced gossip" the government's account, based on multiple witness testimony, of defendant's deteriorating relationship with his family); *see also* Rough Hr'g Tr. (Sept. 10, 2021) at 10:6-13. Yet, the only character references submitted on defendant's behalf are not from his family, but from persons he has been friends with for a year *or less*. *See* Def.'s Opp'n, Ex. A, B. Simply put, despite having spent his entire life in Ohio, defendant's ties to his family and community do not appear to be meaningful or longstanding. Furthermore, defendant's proposed third-party custodian, Alyssa Pisani, has been his girlfriend since May 2021—less than three months before his arrest, *see* Def.'s Opp'n, Ex. A—and she has a full-time job, which necessarily means that she will be unable to monitor defendant's compliance with release conditions at all hours of the day, *see* Gov't's Reply at 9.

Taken together, these considerations weigh in favor of pretrial detention.

## (4) <u>The Nature and Seriousness of the Danger to Any Person or the Community that Would be Posed by the Person's Release:</u>

The strong evidence supporting the obstruction charge, under 18 U.S.C. § 1512(c)(2), raises serious concerns about defendant's willingness to use his knowledge and skills to engage in similar conduct in the future to further obstruct law enforcement functions and judicial proceedings. Defendant's decision to flush down the toilet the USB thumb drive he received

---

18; Def.'s Resp. to the Gov't's "Notice Regarding Failure to Reach Agreement of Proposed Conditions of Release," ECF No. 19. Defendant's agreement to this condition would have gone "very far in addressing the government's concerns"—and this Court's—about his risk of flight and potential for future obstruction. Rough Hr'g Tr. (Sept. 10, 2021) at 13:3-14:6.

from his brother with access keys to the bitcoin subject to forfeiture in Larry Harmon's criminal case, *see* Gov't's Mem. at 9-10, and which, at a minimum, may have contained evidence relevant to his brother's criminal proceeding, reveal defendant's lack of respect for judicial process and willingness to dispose of evidence. The fact that the 712.6 bitcoin was boldly stolen from under the very noses of law enforcement, which had seized Larry Harmon's bitcoin storage devices, regardless of the consequences to Larry Harmon—and that the evidence points directly to defendant as the person with the skills, knowledge, and access to the seed recovery passphrases necessary to execute this remote theft—demonstrates that no condition or combination of conditions can assure defendant's full compliance with any pretrial release conditions. This risk of noncompliance is only increased by defendant's alleged continuing control over possibly millions of dollars in bitcoin and difficult-to-monitor use of a ProtonMail address—an encrypted email service based in Switzerland through which defendant registered to make bitcoin deposits between January and March 2021 into the Bittrex cryptocurrency exchange and a BlockFi account—which would be available for his use to engage in future obstruction. *See id.* at 12.

Defendant therefore represents a danger of further obstructive conduct that can only be effectively prevented through pretrial detention and thus this final factor also weighs against his release.

```
MIME-Version:1.0
From:DCD_ECFNotice@dcd.uscourts.gov
To:DCD_ECFNotice@localhost.localdomain
Bcc:
--Case Participants: Catherine Pelker (catherine.pelker@usdoj.gov), Christopher Brodie
Brown (christopher.brown6@usdoj.gov, michon.tart@usdoj.gov,
usadc.criminaldocket@usdoj.gov, usadc.ecf.cyber@usdoj.gov, usadc.ecf.fraud2@usdoj.gov),
Sabrina P. Shroff (montserrat_a_fernandez@fd.org, sabrina_shroff@fd.org), Chief Judge
Beryl A. Howell (bah_dcdecf@dcd.uscourts.gov, teresa_gumiel@dcd.uscourts.gov)
--Non Case Participants: Kyle Cheney (kcheney@politico.com), AUSA Hearings Clerk
(usadc.ecfprobhov@usdoj.gov), Pretrial Notification (psadistrictcourtgroup@psa.gov),
Probation Court Notices (dcpdb_probation_court_notices@dcp.uscourts.gov)
--No Notice Sent:

Message-Id:7354045@dcd.uscourts.gov
Subject:Activity in Case 1:21-cr-00433-BAH USA v. HARMON Detention Hearing
Content-Type: text/html
```

### U.S. District Court

### District of Columbia

**Notice of Electronic Filing**

The following transaction was entered on 9/24/2021 at 3:37 PM and filed on 9/24/2021

| | |
|---|---|
| **Case Name:** | USA v. HARMON |
| **Case Number:** | 1:21-cr-00433-BAH |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Minute Entry for proceedings held before Chief Judge Beryl A. Howell: Detention Hearing as to GARY JAMES HARMON held via videoconference on 9/24/2021; the Defendant agreed to participate telephonically after consultation with counsel. Government's Motion for Pretrial Detention, heard and granted. The Defendant shall remain detained pending trial. A Status Hearing is scheduled for 11/5/2021, at 9:00 AM before Chief Judge Beryl A. Howell. Time excluded under the Speedy Trial Act from 9/24/2021 through 11/5/2021, in the interests of justice and those interests outweigh the interests of the public and the defendant in a speedy trial in order to give time for the completion of discovery, the parties discussions for a disposition short of trial, and for the Defendant and his counsel to discuss how they wish to proceed in this case. Bond Status of Defendant: Defendant committed. Present via videoconference: Defense Attorney: Sabrina P. Shroff; US Attorneys: Christopher B. Brown and Catherine Pelker; Pretrial Officer: John Copes (in person). Court Reporter: Elizabeth Saint-Loth. (ztg)**

**1:21-cr-00433-BAH-1 Notice has been electronically mailed to:**

Christopher Brodie Brown     christopher.brown6@usdoj.gov, USADC.CriminalDocket@usdoj.gov, USADC.ECF.Cyber@usdoj.gov, USADC.ECF.Fraud2@usdoj.gov, michon.tart@usdoj.gov

Catherine Pelker     catherine.pelker@usdoj.gov

Sabrina P. Shroff    Sabrina_Shroff@fd.org, montserrat_a_fernandez@fd.org

**1:21–cr–00433–BAH–1 Notice will be delivered by other means to::**