AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| United States of America | ) |
| v. | ) Case: 1:21-cr-00433 |
|  | ) Assigned to: Chief Judge Beryl A. Howell |
|  | ) Assign Date: 6/28/2021 |
|  | ) Description: INDICTMENT (B) |
| GARY JAMES HARMON | ) Related Case No: 19-cr-00395 (BAH) |
| *Defendant* | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* GARY JAMES HARMON

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Money Laundering, in violation of 18 U.S.C. 1956(a)(1)(B)(i)
Obstruction of an Official Proceeding, in violation of 18 U.S.C. 1512(c)(2)
Removal of Property To Prevent Seizure, in violation of 18 U.S.C. 2232(a)

Forfeiture: 18 U.S.C. 981(a)(1)(C), 982(a)(1); 21 U.S.C. 853(p); 28 U.S.C. 2461(c)

Date: 06/28/2021

Digitally signed by G. Michael Harvey
Date: 2021.06.28 16:23:38 -04'00'

*Issuing officer's signature*

City and state: Washington, D.C.    G. Michael Harvey, United States Magistrate Judge
*Printed name and title*

### Return

This warrant was received on *(date)* 6/28/21, and the person was arrested on *(date)* 7/28/21
at *(city and state)* CLEVELAND, OHIO

Date: 7/28/21

*Arresting officer's signature*

JAMES A. ROHLS, JR.    SPECIAL AGENT, FBI
*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of Columbia

1:21MJ4168-JDG

**FILED**
9:01 am Jul 28 2021
Clerk U.S. District Court
Northern District of Ohio
Cleveland

United States of America
v.

GARY JAMES HARMON

*Defendant*

)
)
)
)
)
)
)

Case: 1:21-cr-00433
Assigned to: Chief Judge Beryl A. Howell
Assign Date: 6/28/2021
Description: INDICTMENT (B)
Related Case No: 19-cr-00395 (BAH)

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* **GARY JAMES HARMON**,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

Money Laundering, in violation of 18 U.S.C. 1956(a)(1)(B)(i)
Obstruction of an Official Proceeding, in violation of 18 U.S.C. 1512(c)(2)
Removal of Property To Prevent Seizure, in violation of 18 U.S.C. 2232(a)

Forfeiture: 18 U.S.C. 981(a)(1)(C), 982(a)(1); 21 U.S.C. 853(p); 28 U.S.C. 2461(c)

Date: 06/28/2021

Digitally signed by G. Michael Harvey
Date: 2021.06.28 16:23:38 -04'00'

*Issuing officer's signature*

City and state: Washington, D.C.

G. Michael Harvey, United States Magistrate Judge
*Printed name and title*

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____

Date: _____

*Arresting officer's signature*

*Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on January 28, 2021

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No. _____ |
| | : | |
| v. | : | Offenses: |
| | : | |
| GARY JAMES HARMON, | : | 18 U.S.C. § 1956(a)(1)(B)(i) |
| | : | (Money Laundering) |
| Defendant. | : | |
| | : | 18 U.S.C. § 1512(c)(2) |
| | : | (Obstruction of an Official Proceeding) |
| | : | |
| | : | 18 U.S.C. § 2232(a) |
| | : | (Removal of Property To Prevent |
| | : | Seizure) |
| | : | |
| | : | Forfeiture: 18 U.S.C. §§ 981(a)(1)(C), |
| | : | 982(a)(1); 21 U.S.C. § 853(p); 28 U.S.C. |
| | : | § 2461(c) |

**INDICTMENT**

Case: 1:21-cr-00433
Assigned to: Chief Judge Beryl A. Howell
Assign Date: 6/28/2021
Description: INDICTMENT (B)
Related Case No: 19-cr-00395 (BAH)

The Grand Jury charges that:

At all times relevant to this Indictment:

**Introduction**

1. Defendant GARY JAMES HARMON ("GARY HARMON") was a resident of the Northern District of Ohio.

2. LARRY DEAN HARMON ("LARRY HARMON") was GARY HARMON's brother and a resident of the Northern District of Ohio.

3. Bitcoin ("BTC") was a decentralized virtual currency. All bitcoin transactions were posted to a public ledger, called the blockchain. Although transactions were visible on the public

ledger, each transaction was only listed by a series of letters and numbers that did not identify the individuals involved in the transaction.

4. GARY HARMON was employed at a company owned and operated by LARRY HARMON in Akron, Ohio, until in or about February 2020. GARY HARMON began receiving state unemployment benefits beginning in or about April 13, 2020.

### Indictment of LARRY HARMON for Operating HELIX

5. On December 3, 2019, a federal grand jury in the District of Columbia returned a sealed indictment (the "Indictment") against LARRY HARMON on counts of Conspiracy To Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h); Operating an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. § 1960(a); and Money Transmission Without a License, in violation of D.C. Code § 26-1023(c).

6. The Indictment contained a Forfeiture Allegation, which provided notice that the government would seek the forfeiture of "any property, real or personal, involved in the offense, and any property traceable thereto," referring to Counts One and Two of the Indictment, charging Conspiracy To Launder Monetary Instruments and Operating an Unlicensed Money Transmitting Business.

7. The charges in the Indictment arose from LARRY HARMON's role as administrator of a darknet money transmitting and money laundering business named HELIX. HELIX enabled customers, for a fee, to send bitcoins to designated recipients in a manner which was designed to conceal and obfuscate the source or owner of the bitcoins. This type of service was commonly referred to as a bitcoin "mixer" or "tumbler." HELIX charged a fee of approximately 2.5 percent per transaction. HELIX was linked to and affiliated a darknet search

engine named GRAMS, which was also owned and operated by LARRY HARMON. LARRY HARMON operated GRAMS and HELIX from in or about 2014 through in or about 2017.

8. In total, HELIX exchanged at least approximately 354,468 bitcoins—the equivalent of approximately $311 million in U.S. dollars at the time of the transactions—on behalf of its customers, including customers in the District of Columbia. The largest volume of funds sent to HELIX came from darknet markets selling illegal goods and services, including AlphaBay, Agora Market, Nucleus, and Dream Market.

9. Through blockchain analysis, law enforcement identified 16 bitcoin wallets (hereinafter the "SUBJECT WALLETS," and numbered "SUBJECT WALLET 1" through "SUBJECT WALLET 16") which contained a total of approximately 4,877 BTC traced to HELIX. The SUBJECT WALLETS represented the proceeds and fees LARRY HARMON generated through the operation of HELIX.

10. Pursuant to the Forfeiture Allegation in the Indictment, the BTC held in the 16 SUBJECT WALLETS were subject to criminal forfeiture as property "involved in" LARRY HARMON's money laundering and unlicensed money transmitting business offenses.

### Arrest of LARRY HARMON and Recovery of TREZOR ONE Cryptocurrency Storage Device

11. On February 6, 2020, federal agents arrested LARRY HARMON in Akron, Ohio and executed search warrants issued in the Northern District of Ohio at three properties owned or leased by LARRY HARMON. On the same date, Belizean authorities, acting on a U.S. request for legal assistance, searched a condominium leased by LARRY HARMON in San Pedro, Belize. On February 10, 2020, federal agents executed a search warrant issued in the Northern District of California for an apartment leased by LARRY HARMON in California. The Indictment was unsealed following LARRY HARMON's arrest.

12. Several cryptocurrency storage devices were seized pursuant to the searches. The devices included a Trezor cryptocurrency storage device (hereinafter "TREZOR ONE"), which was magnetically attached underneath a table located a short distance from where LARRY HARMON was seated at the time of his arrest in Akron, Ohio.

13. Cryptocurrency wallets stored on a Trezor device, such as TREZOR ONE, can be accessed in at least two ways. First, if the user has physical access to the device, the user can plug the device into a computer and access a stored walled by entering a passcode on the device. Second, if the user is unable to physically access the device, the user can recreate wallets stored on the device by using recovery seed words. Recovery seed words are a unique sequence of 12 to 24 words securely generated in the Trezor device when it is set up. If a user is later unable to access the device, the user can still access the cryptocurrency wallets stored on the device by entering the seed words in the correct sequence into another Trezor device or similar application, which will recreate the data constituting the same cryptocurrency wallets stored on the original device.

14. TREZOR ONE had an additional security feature enabled, which allowed a user to create unlimited "hidden wallets" within a Trezor device. Each hidden wallet is protected by its own additional passphrase. Without the correct passphrase, such hidden wallets are not visible on the device and cannot be accessed.

15. Immediately following LARRY HARMON's arrest, law enforcement was unable to recover any cryptocurrency from TREZOR ONE. TREZOR ONE actually held the 16 SUBJECT WALLETS containing proceeds and fees LARRY HARMON generated through the operation of HELIX, but the SUBJECT WALLETS were concealed within hidden wallets and were not visible to law enforcement.

16.    Federal agents transported TREZOR ONE to a secure evidence locker in Washington, D.C.

### GARY HARMON Attends LARRY HARMON Hearings

17.    On February 11, 2020, LARRY HARMON appeared at a detention and identity hearing in the U.S. District Court for the Northern District of Ohio. GARY HARMON was present in the gallery of the courtroom. During the hearing, the government attorney indicated to the Court that law enforcement had seized Trezor cryptocurrency storage devices but was unable to access their contents. At the conclusion of the hearing, LARRY HARMON was detained pending trial.

18.    On March 13, 2020, LARRY HARMON appeared at a detention appeal hearing in the U.S. District Court for the District of Columbia. GARY HARMON was present in the gallery of the courtroom, in Washington, D.C. During the hearing, the government attorney reiterated to the Court that the government still had not been able to secure the contents of the seized Trezor devices. At the conclusion of the hearing, LARRY HARMON was ordered released pending trial, subject to conditions of release including restrictions on cryptocurrency transactions.

### GARY HARMON Launders HELIX Proceeds from the SUBJECT WALLETS

19.    In or about April 2020, GARY HARMON used LARRY HARMON's credentials to recreate eight of the SUBJECT WALLETS that law enforcement had previously identified as containing the proceeds and fees LARRY HARMON generated through the operation of HELIX, namely, SUBJECT WALLET 1 through SUBJECT WALLET 8.

20.    Between on or about April 19, 2020 and on or about April 24, 2020, GARY HARMON transferred the contents of SUBJECT WALLET 1 through SUBJECT WALLET 8 into new, previously unknown bitcoin wallets. Those transactions were visible to the government on the public blockchain. The transactions are summarized in the following table:

| Transfer Timestamp | Originating Wallet | Destination Wallet | BTC Sent | Approximate U.S. dollar value as of 4/25/20 |
|---|---|---|---|---|
| 4/21/20 20:41 | **SUBJECT WALLET 1** 365Ha89bm4ujCxJyGax8ygGYpkH9FfcYTc | **NEW WALLET 1** bc1q8xljz94cckeusrsvj9hc23z48vprne5asyda9q | 109.1979479 | $827,042.33 |
| 4/21/20 16:26 | **SUBJECT WALLET 2** 34Yjw2Tb8fHM97LgB3enVcajixH6U9Qpxi | **NEW WALLET 2** bc1qm2s3fawp9cykf7cml2an4895nm8vurmf8cz4fe | 99.99989744 | $757,378.22 |
| 4/21/20 16:26 | **SUBJECT WALLET 3** 33CP1cYEjFTCVjRDYEw1wZPzer688BE4BT | **NEW WALLET 3** bc1quw0cj5sz7twgjr2k5hk3m5jfvsy30xl0qts479 | 229.9998355 | $1,741,970.45 |
| 4/21/20 13:03 | **SUBJECT WALLET 4** 3F7cdqtZMdriwBwwCB74WiKit3bkirihRb | **NEW WALLET 4** bc1qt4asc4wj6khhsm3xs5us54jqvwlwxmd7f6wzax | 54.83112457 | $415,279.42 |
| 4/21/20 19:22 | **SUBJECT WALLET 5** 35fhvnAC37K55WuCTxFXk7zfTJge75G1dD | **NEW WALLET 5** bc1q7apq75zv6r7hvcqrpm56nke54le7uhf87ytsvh | 55.88845252 | $423,287.40 |
| 4/20/20 12:44 | **SUBJECT WALLET 6** 3HuevX13pPgnUrtqU3UaJx1AMBph5xH86w | **NEW WALLET 6** bc1q485k94wyqttylekcge8hwuy2fa94mq5r7jk62y | 158.6830152 | $1,201,831.83 |
| 4/19/20 14:42 | **SUBJECT WALLET 7** 3PLUJ9YJ6p3RrhmvmMQVwyS38VxeRQ81Nq | **NEW WALLET 7** bc1q5lf2jwjfkajxtwtfxj0zqy3n5jrm20w5gsp4k2 | 2.999981 | $22,721.23 |
| 4/24/20 19:26 | **SUBJECT WALLET 8** 37NxUHKKbmoZsQDEw5yyJxktNLGdzjDV1J | **NEW WALLET 8** bc1qee72uxqgj5yrywfmtcmmyfkk4zku67ep6krfe3 | 0.99990861 | $7,573.10 |
|  |  | **TOTAL:** | **712.6003** | **$5,397,083.98** |

21.   In total, GARY HARMON transferred approximately 712.6003 BTC, with an approximate value of $5,397,083.98 as of April 25, 2020.

22.   On April 26, 2020, government attorneys filed a motion for an emergency status hearing in LARRY HARMON's criminal case, alerting the Court to the cryptocurrency transactions involving the SUBJECT WALLETS.

23. On April 28, 2020, following a hearing, the Court in LARRY HARMON's criminal case issued an Order requiring LARRY HARMON to provide the government with access to any and all cryptocurrency within LARRY HARMON's possession, including "by disclosing seed recovery keys, access to hidden wallets, and other keys needed to transfer cryptocurrency." The Court further required that such cryptocurrency be turned over to the custody of the U.S. Marshals Service during the pendency of the criminal proceeding.

24. On April 29, 2020, LARRY HARMON complied with the Court's order and, through his attorney, provided the government with recovery seed phrases and passphrases for his cryptocurrency wallets.

25. Further on April 29, 2020, federal agents used the credentials provided by LARRY HARMON to access hidden wallets within TREZOR ONE. Federal agents confirmed that TREZOR ONE contained all 16 SUBJECT WALLETS. Federal agents successfully recovered approximately 4,168.98163 BTC from SUBJECT WALLET 9 through SUBJECT WALLET 16 stored on TREZOR ONE; said BTC was then transferred to the U.S. Marshals Service. Federal agents were also able to view transaction history for TREZOR ONE and confirmed that SUBJECT WALLET 1 through SUBJECT WALLET 8 had been emptied out as a result of the transactions conducted by GARY HARMON between on or about April 19, 2020, and on or about April 24, 2020.

26. Beginning in or about August 2020, GARY HARMON laundered bitcoins from the SUBJECT WALLETS through two online bitcoin mixer services. GARY HARMON subsequently used the laundered bitcoins to finance large purchases and other expenditures.

## COUNTS ONE THROUGH EIGHT
(Money Laundering)

27. Paragraphs 1 through 26 are re-alleged and incorporated herein.

28. On or about the dates and in the amounts set forth below, in the District of Columbia and the Northern District of Ohio and elsewhere, GARY HARMON did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce and involving the proceeds of specified unlawful activity, to wit, Conspiracy To Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h); and Operating an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. § 1960(a); knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity:

| Count | On or About Date | Amount (BTC) | Financial Transaction |
|---|---|---|---|
| 1 | April 19, 2020 | 2.999981 | Movement of BTC by wire or other means to wallet controlled by GARY HARMON |
| 2 | April 20, 2020 | 158.6830152 | Movement of BTC by wire or other means to wallet controlled by GARY HARMON |
| 3 | April 21, 2020 | 54.83112457 | Movement of BTC by wire or other means to wallet controlled by GARY HARMON |
| 4 | April 21, 2020 | 99.99989744 | Movement of BTC by wire or other means to wallet controlled by GARY HARMON |
| 5 | April 21, 2020 | 229.9998355 | Movement of BTC by wire or other means to wallet controlled by GARY HARMON |
| 6 | April 21, 2020 | 55.88845252 | Movement of BTC by wire or other means to wallet controlled by GARY HARMON |

| Count | On or About Date | Amount (BTC) | Financial Transaction |
|---|---|---|---|
| 7 | April 21, 2020 | 109.1979479 | Movement of BTC by wire or other means to wallet controlled by GARY HARMON |
| 8 | April 24, 2020 | 0.99990861 | Movement of BTC by wire or other means to wallet controlled by GARY HARMON |

**(Money Laundering, in violation of
Title 18, United States Code, Section 1956(a)(1)(B)(i))**

### COUNT NINE
**(Obstruction of an Official Proceeding)**

29. Paragraphs 1 through 26 are re-alleged and incorporated herein.

30. From on or about April 19, 2020 through on or about April 24, 2020, in the District of Columbia and elsewhere, GARY HARMON did corruptly obstruct, influence, and impede, and did attempt to corruptly obstruct, influence, and impede, an official proceeding, to wit, the criminal prosecution and criminal forfeiture proceeding in *United States v. Larry Dean Harmon*, Criminal Number 19-CR-395, in the United States District Court for the District of Columbia, by obtaining and removing approximately 712.6003 BTC that was stored on the TREZOR ONE and which was subject to forfeiture in *United States v. Larry Dean Harmon*.

**(Obstruction of an Official Proceeding, in violation of
Title 18, United States Code, Section 1512(c)(2))**

### COUNT TEN
**(Removal of Property To Prevent Seizure)**

31. Paragraphs 1 through 26 are re-alleged and incorporated herein.

32. From on or about April 19, 2020 through on or about April 24, 2020, in the District of Columbia and elsewhere, before, during, and after any search for and seizure of property by any person authorized to make such search or seizure, to wit, the seizure of TREZOR ONE and the

BTC contained therein pursuant to a search warrant in the Northern District of Ohio and for purposes of a pending criminal prosecution and criminal forfeiture proceeding in the District of Columbia, GARY HARMON did knowingly waste, dispose of, transfer, and otherwise take any action concerning property, to wit, approximately 712.6003 BTC that was stored on TREZOR ONE, and knowingly attempted to waste, dispose of, transfer, or otherwise take any action concerning the same property, for the purpose of preventing and impairing the Government's lawful authority to take such property into its custody or control or to continue holding such property under its lawful custody and control.

**(Removal of Property To Prevent Seizure, in violation of
Title 18, United States Code, Section 2232(a))**

**FORFEITURE ALLEGATION**

1. Upon conviction of the offenses alleged in Counts One through Eight, the defendant shall forfeit to the United States any property, real or personal, involved in the offense, and any property traceable thereto, pursuant to Title 18, United States Code, Section 982(a)(1). The United States will also seek a forfeiture money judgment for a sum of money equal to the value of any property, real or personal, involved in Counts One through Eight, and any property traceable thereto.

2. Upon conviction of the offense alleged in Count Nine, the defendant shall forfeit to the United States any property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count Nine, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment for a sum of money equal to the value of all

property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count Nine.

3. The United States will also seek forfeiture of the following specific property upon conviction of an offense alleged in Counts One through Eight, and upon conviction of the offense alleged in Count Nine:

    a. The real property located at 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113, more particularly described as Situated in the City of Cleveland, County of Cuyahoga and State of Ohio: And Known as being Unit 5 in The Nikolai, a Residential Condominium Development of part of Original Brooklyn Township Lot No. 51, as shown by the plat recorded as Instrument No. 202104120417 of Cuyahoga County Records, and further described by the Declaration of Condominium Ownership and By-Laws as recorded in Instrument No. 202104120416 of Cuyahoga County Records, as may be amended from time to time, be the same more or less, but subject to all legal highways; and

    b. One 2018 Audi S5 automobile with VIN WAUB4CF5XJA034330.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1); Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c))**

A TRUE BILL:

FOREPERSON.

_____
ATTORNEY OF THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 1:21MJ4168-JDG |
| | ) | |
| Gary James Harmon | ) | Charging District's Case No. 1:21-cr-00433 |
| *Defendant* | ) | |

**FILED**

3:24 pm Jul 28 2021

**Clerk U.S. District Court
Northern District of Ohio
Cleveland**

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*   District of Columbia

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☒ any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 7/28/21

By ATTY. A. DeCola
*Defendant's signature*

*Signature of defendant's attorney*

Aline DeCola
*Printed name of defendant's attorney*

AO 94 (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 1:21mj4168-JDG |
| Gary James Harmon | ) | Charging District's |
| *Defendant* | ) | Case No. 1:21-cr-00433 |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the _____ District of Columbia,
*(if applicable)* _____ division. The defendant may need an interpreter for this language:
_____.

The defendant:   ☑ will retain an attorney.
                 ☐ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: 07/28/2021

s/Jonathan D. Greenberg
*Judge's signature*

Jonathan D. Greenberg, United States Magistrate Judge
*Printed name and title*

Query    Reports    Utilities    Help    What's New    Log Out

Termed

# U.S. District Court
# Northern District of Ohio (Cleveland)
# CRIMINAL DOCKET FOR CASE #: 1:21-mj-04168-JDG All Defendants

Case title: United States of America v. Harmon

Other court case number: 1:21-cr-00433 District of Columbia

Date Filed: 07/28/2021

Date Terminated: 07/28/2021

Assigned to: Magistrate Judge Jonathan D. Greenberg

**Defendant (1)**

**Gary James Harmon**
*TERMINATED: 07/28/2021*

represented by **Alvaro L. DeCola**
Federal Public Defender Office - Akron
Ste. 700
50 South Main Street
Akron, OH 44308
330-375-5739
Fax: 330-375-5738
Email: Alvaro_DeCola@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*
*Bar Status: Active*

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

18:1956(a)(1)(B)(i); - Money Laundering;

**Disposition**

Property to Prevent Seizure

**Plaintiff**

| | | |
|---|---|---|
| **United States of America** | represented by | **Daniel J. Riedl** <br> Office of the U.S. Attorney - Cleveland <br> Northern District of Ohio <br> Ste. 400 <br> 801 Superior Avenue, W <br> Cleveland, OH 44113 <br> 216-622-3669 <br> Fax: 216-522-7499 <br> Email: daniel.riedl@usdoj.gov <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* <br> *Designation: Retained* <br> *Bar Status: Govt* <br><br> **Segev Phillips** <br> Office of the U.S. Attorney - Cleveland <br> Northern District of Ohio <br> Ste. 400 <br> 801 Superior Avenue, W <br> Cleveland, OH 44113 <br> 216-622-3877 <br> Fax: 216-522-7499 <br> Email: segev.phillips@usdoj.gov <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* <br> *Designation: Retained* <br> *Bar Status: Active* |

[Email All Attorneys]
[Email All Attorneys and Additional Recipients]

| Date Filed | # | Docket Text |
|---|---|---|
| 07/28/2021 | | Arrest (Rule 40) of Gary James Harmon (1) on 7/28/2021. (S,S) (Entered: 07/28/2021) |
| 07/28/2021 | 1 | Rule 40 Warrant received as to Gary James Harmon (1). (Attachments: # 1 Indictment)(S,S) (Entered: 07/28/2021) |
| 07/28/2021 | | **Minutes of proceedings** [non-document] before Magistrate Judge Jonathan D. Greenberg. Initial Appearance in Rule 5(c)(3) Proceedings as to Gary James Harmon (1) held on 7/28/2021. AUSA Daniel J. Riedl present for the government with Attorney C. Alden Pelker (US DOJ DC) and AUSA Christopher Brown (DC). Attorney Alvaro L. DeCola present and appointed to represent defendant. Defendant present. As a result of the COVID-19 pandemic, all parties appeared by, and consented to, proceeding via video conference. Pursuant to the Due Process Protections Act, the Court reminds the government of its obligations under Brady v. Maryland, 373 U.S. 83 (1963), to disclose evidence favorable to the defendant and material to the defendant's guilt or punishment. The government is ordered to comply with Brady and its progeny. The failure to do so in a timely manner may |

| | | |
|---|---|---|
| | | proceedings, sanctions by the Court, or any other remedy that is just under the circumstances. Defendant waives identity hearing. Government moves for detention. Defendant waives detention hearing in this district requesting a detention hearing in the charging district. Defendant consents/authorizes his counsel to sign financial affidavit and waiver of identity/detention hearing on his behalf. Court accepts waiver and directs counsel for defendant to submit waiver and financial affidavit forthwith. Defendant remanded to custody of U.S. Marshal to be transported to charging district. (Court Reporter/ECRO: B. Laster; Pretrial Officer: Alonda Garth) (Time: 15 min.) (S,S) (Entered: 07/28/2021) |
| 07/28/2021 | 3 | **Order** regarding use of video conference/teleconferencing as to Gary James Harmon (1). Signed by Magistrate Judge Jonathan D. Greenberg on 7/28/2021. (S,S) (Entered: 07/28/2021) |
| 07/28/2021 | 4 | CJA 23 Financial Affidavit by Gary James Harmon (1). (S,S) (Entered: 07/28/2021) |
| 07/28/2021 | | **Order** [non-document] Appointing Federal Public Defender Alvaro L. DeCola for Gary James Harmon. The Federal Public Defender is reminded of counsel's obligation to report significant changes in defendant's employment or financial circumstances sufficient to enable defendant to pay, in whole or in part, for legal representation. CJA Plan, Part IV (D)(2). Magistrate Judge Jonathan D. Greenberg on 7/28/2021. (S,S) (Entered: 07/28/2021) |
| 07/28/2021 | 5 | Waiver of Rule 5 & 5.1 Hearings by Gary James Harmon (1). (S,S) (Entered: 07/28/2021) |
| 07/28/2021 | 6 | Warrant of Removal/Commitment to District of Columbia Issued as to Gary James Harmon (1) by Magistrate Judge Jonathan D. Greenberg. (S,S) (Entered: 07/28/2021) |
| 07/28/2021 | | Notice to District of Columbia of a Rule 5 or Rule 32 Initial Appearance as to Gary James Harmon (1). Your case number is: 1:21-cr-00433. Using your PACER account, you may retrieve the docket sheet and any text-only entry via the case number link. The following document link(s) is also provided: 4 Financial Affidavit - CJA23, 1 Rule 40 Warrant from Another District, 6 Warrant of Removal Issued, 3 Order Regarding Use of Video Conferencing/Teleconferencing, 2 Pretrial Services Report, 5 Waiver of Rule 5(c)(3) Hearing. If you require certified copies of any documents, please send a request to ohndml_InterDistrictTransfer@ohnd.uscourts.gov. If you wish to designate a different email address for future transfers, send your request to InterDistrictTransfer_TXND@txnd.uscourts.gov. (S,S) (Entered: 07/28/2021) |