# United States Court of Appeals

### For The District of Columbia Circuit

_____

**No. 21-3067**                                    **September Term, 2021**

**1:21-cr-00433-BAH-1**

**Filed On:** December 20, 2021

United States of America,

        Appellee

    v.

Gary James Harmon,

        Appellant

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**BEFORE:**   Rogers, Pillard, and Walker, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. Upon consideration of the foregoing and the motion for leave to exceed the word limit, it is

**ORDERED** that the motion to exceed the word limit be dismissed as moot. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's pretrial detention order entered on September 27, 2021, be affirmed. Appellant contends that the district court applied the wrong legal standard in detaining him, but the record shows that the district court did not apply a presumption of detention in contravention of the Bail Reform Act and that it held the government to its burden of proof. See United States v. Vasquez-Benitez, 919 F.3d 546, 551 (D.C. Cir. 2019). Appellant also contends his detention was the result of a violation of his privilege against self-incrimination. Instead, the record reflects that the court expressly stated that it would make its detention determination based on a consideration of the Bail Reform Act factors and then discussed the facts of this case in making an individualized assessment of flight risk as required by the Bail Reform Act. See 18 U.S.C. § 3142(g).

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 21-3067**                                    **September Term, 2021**

The district court did not clearly err in finding that no condition or combination of conditions of release would reasonably assure his appearance.  See 18 U.S.C. § 3142(e)(1); Vasquez-Benitez, 919 F.3d at 551.  The government proffered circumstantial evidence regarding Harmon's conduct, and Harmon cites no authority that direct evidence is required.  Cf. United States v. Gates, 807 F.2d 1075,1080 (D.C. Cir. 1986) ("As a general rule, circumstantial evidence is as pertinent as direct evidence to the establishment of guilt or innocence in a criminal case.").  Harmon has not shown that the district court's assessment of the evidence was clearly erroneous.  See United States v. Brockenborrugh, 575 F.3d 726, 741 (D.C. Cir. 2009) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quoting Anderson v. Bessemer City, 470 U.S. 564, 574 (1985))). The district court also considered conditions of release but determined they did not reasonably assure appellant's appearance.  Furthermore, insofar as appellant asserts that the district court was required to address the fact that he did not flee and to make specific findings regarding each possible release condition, the district court complied with 18 U.S.C. § 3142(g) in making its determination of flight risk, and the district court was not required to make further specific findings on the record with respect to the likely effectiveness of other potential release conditions.  See United States v. Quaglin, 851 F. App'x 218, 219 (D.C. Cir. 2021) (per curiam).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc.  See Red. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk