UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 21-cr-433 (BAH) |
| | : | |
| GARY JAMES HARMON, | : | |
| | : | |
| Defendant. | : | |

UNOPPOSED MOTION TO CONTINUE
AND TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT

The United States of America, by and through the United States Attorney for the District of Columbia, with respectfully moves this Court to continue the status hearing currently scheduled for April 8, 2022 for approximately 60 days, and to exclude time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) from April 8, 2022 until the date of the next status hearing in this case, to be determined by the Court. In support whereof, the government states as follows:

1. The government has produced voluminous discovery in this case, including more than 600 pages of bank and financial records, witness interviews, FBI and IRS case records, several hours of jail calls, and forensic images of the defendant's iPhone.

2. On January 19, 2022, the government extended an informal plea offer to the defendant. On March 18, 2022, the government extended a revised informal plea offer to the defendant.

3. On April 6, 2022, Assistant Federal Public Defender Edward Smock filed a Notice of Change of Counsel and will be representing the defendant going forward.

4. The parties respectfully request a continuance of approximately 60 days, until on or about June 3, 2022, to allow new defense counsel to familiarize himself with the case, to

facilitate the discovery process and the defendant's review of the discovery, and to facilitate discussions between the parties regarding possible disposition of this matter short of trial.

5. The government further moves, pursuant to 18 U.S.C. § 3161(h)(7)(A), to exclude time under the Speedy Trial Act in the interests of justice from April 8, 2022 until the date of the next status hearing in this case, to be determined by the Court. This additional period is necessary to allow new defense counsel to familiarize himself with the case, to facilitate the discovery process and the defendant's review of the discovery, and to facilitate discussions between the parties regarding possible disposition of this matter short of trial. Therefore, the government respectfully submits that the ends of justice served by such exclusion would outweigh the best interest of the public and the defendant in a speedy trial.

6. Counsel for the government has conferred with defense counsel regarding this motion. The defendant does not oppose the motion to continue and to exclude time under the Speedy Trial Act.

WHEREFORE, the government respectfully moves that the status hearing in this case currently scheduled for April 8, 2022 be continued until June 3, 2022 or such date as the Court may determine, and that the time from April 8, 2022 until the date of the next status hearing in this case be excluded from computation under the Speedy Trial Act.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

BY:    */s/ Christopher B. Brown*
        Christopher B. Brown, D.C. Bar No. 1008763
        Assistant United States Attorney
        U.S. Attorney's Office for the District of Columbia
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-7153
        Christopher.Brown6@usdoj.gov

        */s/ C. Alden Pelker*
        C. Alden Pelker, Maryland Bar
        Trial Attorney, U.S. Department of Justice
        Computer Crime & Intellectual Property Section
        1301 New York Ave., N.W., Suite 600
        Washington, D.C. 20005
        (202) 616-5007
        Catherine.Pelker@usdoj.gov