UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 21-cr-433 (BAH) |
| | : | |
| GARY JAMES HARMON, | : | |
| | : | |
| Defendant. | : | |

**UNOPPOSED MOTION TO CONTINUE
AND TO EXCLUDE TIME UNDER SPEEDY TRIAL ACT**

The United States of America, by and through the United States Attorney for the District of Columbia, with respectfully moves this Court to continue the status hearing currently scheduled for June 10, 2022 until July 8, 2022, and to exclude time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) from June 10, 2022 until the date of the next status hearing in this case. In support whereof, the government states as follows:

1. The government has produced voluminous discovery in this case, including more than 600 pages of bank and financial records, witness interviews, FBI and IRS case records, several hours of jail calls, and forensic images of the defendant's iPhone. The government also provided a reverse proffer for the defense.

2. On January 19, 2022, the government extended an informal plea offer to the defendant. On March 18, 2022, the government extended a revised informal plea offer to the defendant. Following the extension of these plea offers, the defendant's representation changed and Assistant Federal Public Defender Edward Smock began representing the defendant.

3. The parties respectfully request a continuance until on or about July 8, 2022, to facilitate the discovery process and the defendant's review of the discovery, and to facilitate discussions between the parties regarding possible disposition of this matter short of trial.

4.      Counsel for the defendant advises that he has a jury trial in another jurisdiction beginning June 7, 2022 and projected to last until approximately June 28, 2022. Counsel for the defendant is also unavailable from July 11, 2022 through July 22, 2022.

5.      The government further moves, pursuant to 18 U.S.C. § 3161(h)(7)(A), to exclude time under the Speedy Trial Act in the interests of justice from June 10, 2022 until the date of the next status hearing in this case. This additional period is necessary to facilitate the discovery process and the defendant's review of the discovery, and to facilitate discussions between the parties regarding possible disposition of this matter short of trial. Therefore, the government respectfully submits that the ends of justice served by such exclusion would outweigh the best interest of the public and the defendant in a speedy trial.

6.      Counsel for the government has conferred with defense counsel regarding this motion. The defendant does not oppose the motion to continue and to exclude time under the Speedy Trial Act.

WHEREFORE, the government respectfully moves that the status hearing in this case currently scheduled for June 10, 2022 be continued until July 8, 2022 or such date as the Court may determine, and that the time from June 10, 2022 until the date of the next status hearing in this case be excluded from computation under the Speedy Trial Act.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

BY:    */s/ Christopher B. Brown*
        Christopher B. Brown, D.C. Bar No. 1008763
        Assistant United States Attorney
        U.S. Attorney's Office for the District of Columbia
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-7153
        Christopher.Brown6@usdoj.gov

        */s/ C. Alden Pelker*
        C. Alden Pelker, Maryland Bar
        Trial Attorney, U.S. Department of Justice
        Computer Crime & Intellectual Property Section
        1301 New York Ave., N.W., Suite 600
        Washington, D.C. 20005
        (202) 616-5007
        Catherine.Pelker@usdoj.gov