FILED
JAN - 6 2023
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 21-cr-433 (BAH) |
| | : | |
| GARY JAMES HARMON, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S SUBMISSION REGARDING PLEA HEARING

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully provides the following submission pursuant to the Court's Standing Order for Criminal Cases, ECF No. 6.

**a. Type of Plea Agreement**

The plea agreement in this case is a standard plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(B).

**b. New Superseding Indictment or Information, if Applicable**

A Superseding Information is attached hereto and will be filed on the public docket.

**c. Information Regarding Each Count to which the Defendant Intends To Plead Guilty**

*1. Elements of the Offenses*

Wire Fraud: The essential elements of the offense of Wire Fraud, in violation of Title 18, United States Code, Section 1343, are:

(1) that the defendant knowingly and willingly devised or intended to devise a scheme to defraud;

(2) that the scheme to defraud employed materially false or fraudulent pretenses, representations, or promises;

(3) that the defendant transmitted or caused to be transmitted by way of wire communications, in interstate commerce, any writing, sign, or signal in furtherance of executing such scheme; and

(4) that the defendant acted with a specific intent to defraud.

Obstruction of an Official Proceeding: The essential elements of Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2), are:

(1) that the defendant obstructed, influenced, or impeded any official proceeding; and

(2) that the defendant acted corruptly.

## 2. *Factual Proffer*

The defendant has signed a Statement of Offense, which has been provided to chambers and is attached hereto.

## 3. *Applicable Statutory Minima (if Applicable) and Maxima*

Wire Fraud: There is no statutory minimum penalty for a violation of Wire Fraud, in violation of 18 U.S.C. § 1343. The count carries a maximum sentence of 20 years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(2)-(3); a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2); mandatory restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

Obstruction of an Official Proceeding: There is no statutory minimum penalty for a violation of Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2). The count carries a maximum sentence of 20 years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(2)-(3); a term of supervised release of not more than 5 years, pursuant to 18 U.S.C. § 3583(b)(1); mandatory restitution under

18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

### 4. *Estimated Applicable Guideline Offense Level and Range*

The parties' estimated applicable Guidelines calculation is set forth in the Plea Agreement, which has been provided to chambers and is attached hereto. Note that the parties disagree about the application of the "sophisticated means" specific offense characteristic to the Wire Fraud guideline under U.S.S.G. § 2B1.1(b)(10), and the defendant reserves the right to oppose application of this adjustment.

Pursuant to that estimate, assuming the government's calculation (including adjustment for "sophisticated means") and 0 criminal history points and Criminal History Category I, the defendant's estimated Guidelines offense level is 24 and the estimated sentencing range is 51 months to 63 months.

**d. If the Defendant Is Not a U.S. Citizen, Written Notice as to Whether the Defendant Will Be Pleading Guilty to an Aggravated Felony as Defined by 8 U.S.C. § 1101(a)**

The defendant is a U.S. citizen.

                    MATTHEW M. GRAVES
                    UNITED STATES ATTORNEY
                    D.C. Bar No. 481052

BY:    */s/ Christopher B. Brown*
        Christopher B. Brown, D.C. Bar No. 1008763
        Assistant United States Attorney
        U.S. Attorney's Office for the District of Columbia
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-7153
        Christopher.Brown6@usdoj.gov

        */s/ C. Alden Pelker*
        C. Alden Pelker, Maryland Bar
        Trial Attorney, U.S. Department of Justice
        Computer Crime and Intellectual Property Section
        1301 New York Ave., N.W., Suite 600
        Washington, D.C. 20005
        (202) 616-5007
        Catherine.Pelker@usdoj.gov