

JAN -6 2023

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,            :
                                      :
v.                                    :   Criminal No. 21-cr-433 (BAH)
                                      :
GARY JAMES HARMON,                    :
                                      :
        Defendant.                    :

## CONSENT PRELIMINARY ORDER OF FORFEITURE

*WHEREAS*, a written plea agreement was filed with this Court and signed by defendant Gary James Harmon, and his counsel, Edward Smock, John McNichols, and Peter Jorgensen, in which the defendant agreed to plead guilty to a Superseding Information charging, Count One, Wire Fraud, in violation of Title 18, United States Code, Section 1343, and Count Two, Obstruction of an Official Proceeding, in violation of Title 18, United States Code, Section 1512(c)(2), and the defendant has pled guilty to those offenses;

*WHEREAS*, the Superseding Information alleged the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

*WHEREAS*, the Superseding Information further alleged that the United States will seek a forfeiture money judgment against the defendant and in favor of the United States for a sum of money equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

1

***WHEREAS***, the Superseding Information also alleged the forfeiture of the following specific property:

   a. The real property located at 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113, more particularly described as Situated in the City of Cleveland, County of Cuyahoga and State of Ohio: And Known as being Unit 5 in The Nikolai, a Residential Condominium Development of part of Original Brooklyn Township Lot No. 51, as shown by the plat recorded as Instrument No. 202104120417 of Cuyahoga County Records, and further described by the Declaration of Condominium Ownership and By-Laws as recorded in Instrument No. 202104120416 of Cuyahoga County Records, as may be amended from time to time, be the same more or less, but subject to all legal highways;

   b. One 2018 Audi S5 automobile with VIN WAUB4CF5XJA034330;

   c. $284,879.88 seized from Huntington National Bank account nos. 03598804579 and 02593237029, in the name of Gary Harmon;

   d. Approximately 68.42 in Bitcoin (BTC) (after required fees) seized from BlockFi account act_fiTKqjuo5DvzbyFdxAkRcbki, in the name of Gary Harmon;

   e. One Chronoswiss Bitcoin watch seized from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113;

   f. Approximately 161.60735183 in Bitcoin (BTC) (after required fees) seized from wallets reconstituted using seed words;

   g. Approximately 17,404,400.64428636 in Dogecoin (DOGE) (after required fees) seized from wallets reconstituted using seed words;

   h. Approximately 2.141987205 in Ethereum (ETH) (after required fees) seized from wallets reconstituted using seed words; and

   i. Approximately 417.3903 in Bitcoin (BTC) (after required fees) seized from wallets recovered from an iPhone recovered from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113.

***WHEREAS***, the Superseding Information further alleged that the United States will seek a forfeiture money judgment against the defendant and in favor of the United States;

2

*WHEREAS*, in his plea agreement, the defendant agreed to the forfeiture of the above property and the entry of a forfeiture money judgment in the amount of $4,881,532.40 at sentencing;

*WHEREAS*, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, this Court determines, based upon the evidence and information before it, including the defendant's plea agreement, that (1) any property, real or personal, which constitutes or is derived from proceeds traceable to the violations alleged in Counts One and Two, to which the defendant is pleading guilty, is subject to forfeiture; (2) the specific property identified above is subject to forfeiture, and the Government has established the requisite nexus between the property and the offenses; all pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

*WHEREAS*, pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, this Court determines, based upon the evidence and information before it, including the defendant's plea agreement, that entry of a forfeiture money judgment against the defendant and in favor of the United States in the amount of $4,881,532.40 is appropriate, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

3

*WHEREAS*, the United States has agreed to credit the net proceeds it realizes from the forfeiture of the specific property identified above, to this money judgment upon its final forfeiture to the United States;

*WHEREAS*, Title 21, United States Code, Section 853(p) authorizes the forfeiture of substitute property;

*WHEREAS*, the defendant has admitted that proceeds he personally obtained have been dissipated by him and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court;

*WHEREAS*, upon entry of a forfeiture order, Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure authorizes the Attorney General or a designee to conduct any discovery the Court considers proper in identifying, locating, or disposing of property subject to forfeiture;

*NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED*:

1. That the following property is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): any property, real or personal, which constitutes or is derived from proceeds traceable to the violations alleged in Counts One and Two, to which the defendant has pled guilty. The following specific property is declared forfeited:

   a. The real property located at 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113, more particularly described as Situated in the City of Cleveland, County of Cuyahoga and State of Ohio: And Known as being Unit 5 in The Nikolai, a Residential Condominium Development of part of Original Brooklyn Township Lot No. 51, as shown by the plat recorded as Instrument No. 202104120417 of Cuyahoga County Records, and further described by the Declaration of Condominium Ownership and By-Laws as recorded in Instrument No. 202104120416 of Cuyahoga County

4

Records, as may be amended from time to time, be the same more or less, but subject to all legal highways;

b. One 2018 Audi S5 automobile with VIN WAUB4CF5XJA034330;

c. $284,879.88 seized from Huntington National Bank account nos. 03598804579 and 02593237029, in the name of Gary Harmon;

d. Approximately 68.42 in Bitcoin (BTC) (after required fees) seized from BlockFi account act_fiTKqjuo5DvzbyFdxAkRcbki, in the name of Gary Harmon;

e. One Chronoswiss Bitcoin watch seized from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113;

f. Approximately 161.60735183 in Bitcoin (BTC) (after required fees) seized from wallets reconstituted using seed words;

g. Approximately 17,404,400.64428636 in Dogecoin (DOGE) (after required fees) seized from wallets reconstituted using seed words;

h. Approximately 2.141987205 in Ethereum (ETH) (after required fees) seized from wallets reconstituted using seed words; and

i. Approximately 417.3903 in Bitcoin (BTC) (after required fees) seized from wallets recovered from an iPhone recovered from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113.

2. A forfeiture money judgment in the amount of $4,881,532.40 is entered against the defendant and in favor of the United States. Upon final forfeiture of the specific property identified in the previous paragraph to the United States, the net proceeds realized by the United States shall be credited to this forfeiture money judgment.

3. The Court finds that proceeds that the defendant personally obtained as a result of the offenses to which he has pled guilty have been dissipated by him and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court.

4. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

5. That pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and the defendant's consent, this Order of Forfeiture is now final as to the defendant, and shall be made part of the sentence and included in the judgment.

6. The Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, is authorized to conduct any discovery to identify, locate, or dispose of property subject to this Order.

7. The Clerk of the Court shall forward a certified copy of this Order to USADC.AFMLS2@usdoj.gov.

Dated this 22nd day of December, 2022.

_____
BERYL A. HOWELL
CHIEF JUDGE, UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WE ASK FOR THIS:

MATTHEW M. GRAVES
United States Attorney

BY: */s/ Christopher B. Brown*
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

*/s/ C. Alden Pelker*
C. Alden Pelker, Maryland Bar
Trial Attorney, U.S. Department of Justice
Computer Crime and Intellectual Property Section
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 616-5007
Catherine.Pelker@usdoj.gov

Gary James Harmon
Defendant

Edward Smock
John McNichols
Peter Jorgensen
Counsel for Defendant

7