# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal No. 21-cr-433 (BAH) |
| | : | |
| **GARY JAMES HARMON,** | : | |
| | : | |
| **Defendant.** | : | |

## MOTION FOR FINAL ORDER OF FORFEITURE

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully requests that the Court enter the attached Final Order of Forfeiture. In support thereof, the government states the following:

1. On January 6, 2023, the defendant pled guilty to two counts of the Superseding Information charging, Count One, Wire Fraud, in violation of Title 18, United States Code, Section 1343, and Count Two, Obstruction of an Official Proceeding, in violation of Title 18, United States Code, Section 1512(c)(2).

2. The Superseding Information stated that upon conviction of the offenses in Count One and Count Two, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two, including a forfeiture money judgment in the amount of $4,881,532.40. *See* Superseding Information, ECF No. 41.

3. The Superseding Information also alleged the forfeiture of the following specific property:

   a. The real property located at 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113, more particularly described as Situated in the City of Cleveland, County of Cuyahoga

and State of Ohio: And Known as being Unit 5 in The Nikolai, a Residential Condominium Development of part of Original Brooklyn Township Lot No. 51, as shown by the plat recorded as Instrument No. 202104120417 of Cuyahoga County Records, and further described by the Declaration of Condominium Ownership and By-Laws as recorded in Instrument No. 202104120416 of Cuyahoga County Records, as may be amended from time to time, be the same more or less, but subject to all legal highways;

b. One 2018 Audi S5 automobile with VIN WAUB4CF5XJA034330;

c. $284,879.88 seized from Huntington National Bank account nos. 03598804579 and 02593237029, in the name of Gary Harmon;

d. Approximately 68.42 in Bitcoin (BTC) (after required fees) seized from BlockFi account act_fiTKqjuo5DvzbyFdxAkRcbki, in the name of Gary Harmon;

e. One Chronoswiss Bitcoin watch seized from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113;

f. Approximately 161.60735183 in Bitcoin (BTC) (after required fees) seized from wallets reconstituted using seed words;

g. Approximately 17,404,400.64428636 in Dogecoin (DOGE) (after required fees) seized from wallets reconstituted using seed words;

h. Approximately 2.141987205 in Ethereum (ETH) (after required fees) seized from wallets reconstituted using seed words; and

i. Approximately 417.3903 in Bitcoin (BTC) (after required fees) seized from wallets recovered from an iPhone recovered from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113.

4. Upon the defendant's entry of a guilty plea to the Superseding Information on January 6, 2023, this Court entered a Consent Preliminary Order of Forfeiture forfeiting to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Superseding Information. The Court entered a Forfeiture Money Judgment in the amount of $4,881,532.40 and the following specific property was declared forfeited to the United States:

a. The real property located at 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113, more particularly described as Situated in the City of Cleveland, County of Cuyahoga and State of Ohio: And Known as being Unit 5 in The Nikolai, a Residential Condominium Development of part of Original Brooklyn Township Lot No. 51, as shown by the plat recorded as Instrument No. 202104120417 of Cuyahoga County Records, and further described by the Declaration of Condominium Ownership and By-Laws as recorded in Instrument No. 202104120416 of Cuyahoga County Records, as may be amended from time to time, be the same more or less, but subject to all legal highways;

b. One 2018 Audi S5 automobile with VIN WAUB4CF5XJA034330;

c. $284,879.88 seized from Huntington National Bank account nos. 03598804579 and 02593237029, in the name of Gary Harmon;

d. Approximately 68.42 in Bitcoin (BTC) (after required fees) seized from BlockFi account act_fiTKqjuo5DvzbyFdxAkRcbki, in the name of Gary Harmon;

e. One Chronoswiss Bitcoin watch seized from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113;

f. Approximately 161.60735183 in Bitcoin (BTC) (after required fees) seized from wallets reconstituted using seed words;

g. Approximately 17,404,400.64428636 in Dogecoin (DOGE) (after required fees) seized from wallets reconstituted using seed words;

h. Approximately 2.141987205 in Ethereum (ETH) (after required fees) seized from wallets reconstituted using seed words; and

i. Approximately 417.3903 in Bitcoin (BTC) (after required fees) seized from wallets recovered from an iPhone recovered from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113.

*See* Consent Preliminary Order of Forfeiture, ECF No. 49.

5. Beginning on May 11, 2023, for 30 consecutive days, the United States published on an official government website (www.forfeiture.gov), notice of this forfeiture action and the intention of the United States to dispose of the property in accordance with the law and as specified in the Consent Preliminary Order of Forfeiture and further provided direct notice to all third parties who reasonably appeared to be potential claimants with standing to contest the forfeiture, if any,

of their right to petition the Court within 30 days for a hearing to adjudicate the validity of their legal interest in the property, all as required by Federal Rule of Criminal Procedure 32.2(b)(6). *See* Declaration of Publication, ECF No. 64. No petitions asserting an interest in the forfeited property have been filed in this Court and the time for doing so has expired.

9. Federal Rule of Criminal Procedure 32.2(b)(4)(A) provides that if the Forfeiture Order directs the defendant to forfeit specific property, it remains preliminary as to third parties until the ancillary proceeding is concluded as to third parties.

10. Since no third parties have filed a claim, and therefore no ancillary proceeding is required, *see* Fed. R. Crim. P. 32.2(c)(1), the government requests that the Court issue the attached Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2).

Wherefore, the government respectfully requests that the Court grant this motion and enter the attached Final Order of Forfeiture.

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar No. 481052
United States Attorney
for the District of Columbia

BY: /s/ Christopher B. Brown
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

/s/ C. Alden Pelker
C. Alden Pelker, Maryland Bar
Trial Attorney, U.S. Department of Justice
Computer Crime and Intellectual Property Section
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 616-5007
Catherine.Pelker@usdoj.gov