UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No. 21-cr-433 (BAH) |
| | : | |
| GARY JAMES HARMON, | : | |
| | : | |
| Defendant. | : | |

**FINAL ORDER OF FORFEITURE**

**WHEREAS**, on January 6, 2023, the defendant Gary James Harmon pled guilty to two counts of the Superseding Information charging, Count One, Wire Fraud, in violation of Title 18, United States Code, Section 1343, and Count Two, Obstruction of an Official Proceeding, in violation of Title 18, United States Code, Section 1512(c)(2);

**WHEREAS**, on January 6, 2023, this Court entered a Consent Preliminary Order of Forfeiture forfeiting to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Superseding Information. The Court entered a Forfeiture Money Judgment in the amount of $4,881,532.40 and the following specific property was declared forfeited to the United States:

a. The real property located at 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113, more particularly described as Situated in the City of Cleveland, County of Cuyahoga and State of Ohio: And Known as being Unit 5 in The Nikolai, a Residential Condominium Development of part of Original Brooklyn Township Lot No. 51, as shown by the plat recorded as Instrument No. 202104120417 of Cuyahoga County Records, and further described by the Declaration of Condominium Ownership and By-Laws as recorded in Instrument No. 202104120416 of Cuyahoga County Records, as may be amended from time to time, be the same more or less, but subject to all legal highways;

    b. One 2018 Audi S5 automobile with VIN WAUB4CF5XJA034330;

    c. $284,879.88 seized from Huntington National Bank account nos. 03598804579 and 02593237029, in the name of Gary Harmon;

    d. Approximately 68.42 in Bitcoin (BTC) (after required fees) seized from BlockFi account act_fiTKqjuo5DvzbyFdxAkRcbki, in the name of Gary Harmon;

    e. One Chronoswiss Bitcoin watch seized from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113;

    f. Approximately 161.60735183 in Bitcoin (BTC) (after required fees) seized from wallets reconstituted using seed words;

    g. Approximately 17,404,400.64428636 in Dogecoin (DOGE) (after required fees) seized from wallets reconstituted using seed words;

    h. Approximately 2.141987205 in Ethereum (ETH) (after required fees) seized from wallets reconstituted using seed words; and

    i. Approximately 417.3903 in Bitcoin (BTC) (after required fees) seized from wallets recovered from an iPhone recovered from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113.

**WHEREAS**, beginning on May 11, 2023, for 30 consecutive days, the United States published on an official government website (www.forfeiture.gov) notice of this forfeiture action and the intention of the United States to dispose of the property in accordance with the law and as specified in the Consent Preliminary Order of Forfeiture and further provided direct notice to all third parties who reasonably appeared to be potential claimants with standing to contest the forfeiture, if any, of their right to petition the Court within 30 days for a hearing to adjudicate the validity of their legal interest in the property, all as required by Federal Rule of Criminal Procedure 32.2(b)(6);

**WHEREAS**, no petitions asserting an interest in the forfeited property have been filed in this Court and the time for doing so has expired;

**WHEREAS**, Federal Rule of Criminal Procedure 32.2(b)(4)(A) provides that if the Forfeiture Order directs the defendant to forfeit specific property, the order remains preliminary as to third parties until the ancillary proceeding is concluded as to third parties;

**WHEREAS**, no ancillary proceeding is required since no third parties have filed a claim, *see* Fed. R. Crim. P. 32.2(c)(1);

***NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED***:

1. That the following specific property is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c):

    a. The real property located at 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113, more particularly described as Situated in the City of Cleveland, County of Cuyahoga and State of Ohio: And Known as being Unit 5 in The Nikolai, a Residential Condominium Development of part of Original Brooklyn Township Lot No. 51, as shown by the plat recorded as Instrument No. 202104120417 of Cuyahoga County Records, and further described by the Declaration of Condominium Ownership and By-Laws as recorded in Instrument No. 202104120416 of Cuyahoga County Records, as may be amended from time to time, be the same more or less, but subject to all legal highways;

    b. One 2018 Audi S5 automobile with VIN WAUB4CF5XJA034330;

    c. $284,879.88 seized from Huntington National Bank account nos. 03598804579 and 02593237029, in the name of Gary Harmon;

    d. Approximately 68.42 in Bitcoin (BTC) (after required fees) seized from BlockFi account act_fiTKqjuo5DvzbyFdxAkRcbki, in the name of Gary Harmon;

    e. One Chronoswiss Bitcoin watch seized from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113;

    f. Approximately 161.60735183 in Bitcoin (BTC) (after required fees) seized from wallets reconstituted using seed words;

    g. Approximately 17,404,400.64428636 in Dogecoin (DOGE) (after required fees) seized from wallets reconstituted using seed words;

      h.  Approximately 2.141987205 in Ethereum (ETH) (after required fees) seized from wallets reconstituted using seed words; and

      i.  Approximately 417.3903 in Bitcoin (BTC) (after required fees) seized from wallets recovered from an iPhone recovered from 3705 Clinton Ave Unit 5, Cleveland, Ohio 44113.

2.    A forfeiture money judgment in the amount of $4,881,532.40 is entered against the defendant and in favor of the United States. Upon final forfeiture of the specific property identified in the previous paragraph to the United States, the net proceeds realized by the United States shall be credited to the forfeiture money judgment entered by this Court in its January 6, 2023 Consent Preliminary Order of Forfeiture (ECF No. 49).

3.    The Court finds that proceeds that the defendant personally obtained as a result of the offenses to which he has pled guilty have been dissipated by him and cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; and/or have been placed beyond the jurisdiction of the Court.

4.    The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

5.    That pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, this Order of Forfeiture is now final as to the defendant and any third parties.

6.    The Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, is authorized to conduct any discovery to identify, locate, or dispose of property subject to this Order.

7. The Clerk of the Court shall forward a certified copy of this Order to USADC.AFMLS2@usdoj.gov.

Dated this __23rd__ day of __October__, 2023.

_____
BERYL A. HOWELL
UNITED STATES DISTRICT JUDGE