UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **United States of America,**<br><br>v.<br><br>**Gary Harmon,**<br><br>**Defendant.** | Case No. 21-cr-433 (BAH) |

**Emergency Motion to Reduce Sentence**

  Gary Harmon, through counsel, respectfully requests that the Court reduce his term of imprisonment from 51 months to time served (thereby modifying his projected release date from July 19, 2024, to February 1, 2024), due to a retroactively applicable amendment to the U.S. Sentencing Guidelines impacting so-called "zero-point offenders." *See* Amend. 821 (Part B), U.S.S.C. (eff. Nov. 1, 2023). The government conveyed to counsel that it is opposed to this motion. Given that Mr. Harmon is potentially eligible for a sentence reduction to February 1, 2024, he respectfully requests that the Court rule on this matter on an expedited basis.[1]

  On January 6, 2023, after spending roughly two years in harsh jail conditions, Mr. Harmon pled guilty to a two-count Superseding Information, charging him with (1) wire fraud, in violation of 18 U.S.C. § 1343; and (2) obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2). *See* Plea Agreement, ECF No. 45; *see also* Def.'s Sent'g Mem., ECF No. 57 at 12-13 (discussing harsh conditions, including solitary confinement, cold meals, a toilet

---

[1] Undersigned counsel apologizes to the Court for filing this motion so close to the February 1, 2024 proposed release date. Counsel has been waiting for the government's position and only learned after 2pm today (January 31, 2024) that it would oppose it.

1

leaking unsanitary liquid onto the floor of his cell, and rodents and cockroaches).

At the time, the U.S. Sentencing Guidelines recommended 51-63 months' imprisonment, as he had a total offense level of 24 and zero criminal history points.  *See* Statement of Reasons, ECF No. 60.  The government requested that Mr. Harmon "be sentenced to a period in the middle of the 51-63 month range," Gov't Sent'g Mem., ECF No. 56; whereas the defense argued that a below-guideline sentence of 36 months would be appropriate, *see* Def.'s Sent'g Mem., ECF No. 57 at 2.  On April 27, 2023, this Court sentenced Mr. Harmon to 41 months—amounting to a low-end guideline sentence.  *See* Judgment, ECF No. 59.  He is projected to complete his prison sentence on July 19, 2024.[2]

After his sentencing, the Sentencing Commission retroactively amended the sentencing guidelines to reduce the total offense level by two points for defendants without any criminal history points, so long as they meet the following criteria:

(1)  the defendant did not receive any criminal history points from Chapter Four, Part A;
(2)  the defendant did not receive an adjustment under §3A1.4 (Terrorism);
(3)  the defendant did not use violence or credible threats of violence in connection with the offense;
(4)  the offense did not result in death or serious bodily injury;
(5)  the instant offense of conviction is not a sex offense;
(6)  the defendant did not personally cause substantial financial hardship;[3]

---

[2] *See* Bureau of Prisons, *Inmate locator*, available at https://www.bop.gov/inmateloc/ (reporting an individual's projected release date).

[3] In determining whether the defendant personally caused "substantial financial hardship," the court "shall consider, among other things," whether the offense resulted in the victim "(i) becoming insolvent; (ii) filing for bankruptcy under the Bankruptcy Code (title 11, United States Code); (iii) suffering substantial loss of a retirement, education, or other savings or investment fund; (iv) making substantial changes to his or her employment, such as postponing his or her retirement plans; (v) making substantial changes to his or her living arrangements, such as relocating to a less expensive home; and (vi) suffering substantial harm to his or her ability to obtain credit."  *See* U.S.S.G. § 4C1.1(b)(3) (cross-referencing to U.S.S.G. § 2B1.1, commentary, appl. note 4(F)).

    (7)    the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

    (8)    the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

    (9)    the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

    (10)    the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

U.S.S.G. § 4C1.1. This amendment is commonly referred to as Amendment 821, part B.

With this amendment, this Court is authorized to reduce Mr. Harmon's sentence under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) authorizes the Court to reduce a prison sentence imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Commission." *Id.*; *see also* U.S.S.G. § 1B1.10(a)(1). The Commission's applicable policy statements create two relevant limitations to granting a sentence reduction: (1) any reduction cannot go below the low-end of the now-applicable guidelines' range, *see* U.S.S.G. § 1B1.10(b)(2)(A); and (2) any order reducing the term of imprisonment must have an effective date of February 1, 2024 or later, *see* U.S.S.G. § 1B1.10(e)(2); *id.* commentary, app. note 7.

Mr. Harmon meets all the above criteria in U.S.S.G. § 4C1.1 and is eligible for a sentence reduction given that his original sentencing range (shown below on the left) has been subsequently lowered by the Sentencing Commission (shown below on the right):

|  | **Original Sentence** | **Application of Amendment 821 (Part B)** |
|---|---|---|
| Total offense level: | 24 | 22 |
| Criminal history points: | 0 | 0 |
| Criminal history category: | I | I |
| Guideline range: | 51-63 months | 41-51 months |
| Sentence: | 51 months | Time served/ 41 months (proposed) |
| Projected release date: | July 19, 2024 | February 1, 2024 (proposed) |

As shown above, if Part B of Amendment 821 had been in force when Mr. Harmon was sentenced, his guideline range would have been 41-51 months instead of 51-63 months.

At the time of his sentencing, this Court considered all the factors under 18 U.S.S.C. § 3553(a). While this Court recognized that a high-end sentence could be warranted, it ultimately concluded that a low-end guideline sentence was appropriate "due to defendant's assistance to the government in recovering the Bitcoin he had stolen and defendants' genuine remorse and recognition of his need for treatment." *See* Statement of Reasons, ECF No. 60 at 6; *see also* Sent'g Transcript, ECF No. 63 (noting the "government's recommendation of a sentence at the midpoint of the guidelines is certainly not an unreasonable recommendation," but concluding that Mr. Harmon's "remorse," "increased maturity," and "assistance to the government" in recovering bitcoin assets deserved "a sentence at the low end of the sentencing range that applies to [Mr. Harmon].").

Since Mr. Harmon's sentencing, the only § 3553(a) factors that have changed are his applicable guideline range and post-sentencing conduct. In the over two-and-a-half years he has been incarcerated, he has been a model inmate. He has worked in various capacities, including as an orderly and maintenance worker. *See* Ex. 1 at 3 (BOP Records). He has taken numerous classes in subjects ranging from history to finance to personal growth. *Id.* at 4. He has only one minor disciplinary infraction from roughly a year and a half ago—for allowing another individual

4

to use his account to place a telephone call. *Id.* at 5; *see cf. United States v. Greene*, 561 F. Supp. 3d 1, 16 (D.D.C. 2021) ("It is not unusual for inmates to receive reprimands in the prison context."). And, he is a participant in the prison's Residential Drug Treatment Program ("RDAP"). *Id.* at 1, 6. Simply put, given this Court's prior determination that a low-end sentence was appropriate and Mr. Harmon's positive post-sentence rehabilitation, he is deserving of a sentence reduction under the now-retroactively-amended sentencing guidelines.

Accordingly, Mr. Harmon respectfully requests that the Court convert the low-end guidelines' sentence he received under the old guidelines (51 months with a range of 51-63 months) to a low-range guideline sentence under the now-applicable guidelines (41 months with a range of 41-51 months). Normally, this would amount to a 10-month reduction. However, given that Mr. Harmon's projected release date is July 19, 2024, and a 10-month reduction would modify his release date to before February 1, 2024, he respectfully requests that his sentence be reduced to "time served" with an order having an effective date of February 1, 2024. *See* U.S.S.G. § 1B1.10(e)(2). In effect, this would modify Harmon's projected release date from July 19, 2024 to February 1, 2024, amounting to roughly a 5.5-month reduction.

A proposed order is attached.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
BENJAMIN FLICK
Research & Writing Attorney
Federal Public Defender's Office
625 Indiana Ave, NW, Suite 550
Washington, D.C. 20004